1997 OK 158

**Cynthia S. CORTRIGHT, Appellant,**

v.

**The CITY OF OKLAHOMA CITY, OK, a municipal corporation, Appellee.**

No. 88539.

Supreme Court of Oklahoma.

Dec. 23, 1997.

Larry D. Patton, Oklahoma City, for Appellant.

Amy Gray Douglas, Oklahoma City, for Appellee.

ALMA WILSON, Justice:

¶1 The dispositive question is whether dismissal is premature where the parties dispute the beginning date of the 180–day limitation period specified in 51 O.S.Supp.1995, § 157(B) for commencement of a governmental tort claims action. We answer in the affirmative.

¶2 The following facts are not disputed. On April 22, 1995, sewage backed-up into the residence of Cynthia S. Cortright, appellant. On September 18, 1995, Cortright timely[1] filed her notice of property damage with the City of Oklahoma City, appellee. The City acknowledged receipt of the notice and advised that the claim would be deemed denied by law if not approved within ninety days.[2] In November, 1995, the City requested property-depreciation information which Cortright provided by letter dated December 19, 1995. In that letter, Cortright's attorney set forth his understanding from dealings with the City's assigned attorney/intern that the claim would not be considered rejected as a matter of law, even though the City did not act upon the claim within the statutorily-prescribed 90–day time period.[3] By letter

---

1. 51 O.S.Supp.1992, § 156(B) provides that notice of claim shall be presented to the governmental entity within one year of the loss or be forever barred. *Mansell v. City of Lawton,* 901 P.2d 826, 830 (Okla.1995).

2. Receipt was acknowledged by form letter from the Office of the Municipal Counselor, dated September 26, 1995, and signed by Amy L. Gray, Assistant Municipal Counselor, which advised that Tom Hurley is the "Attorney/Intern Assigned to Your Claim" who should be contacted if there are any questions.

3. The affidavit of Cortright's attorney, submitted in support of the response to the City's original motion to dismiss, reads:

"... Being aware that 51 O.S. § 157.A. had a 'deemed rejected' provision, I had discussed with the City's representative, one Tom Hurley, whether the City truly intended to settle the claim, since it was obvious that the City's consideration would not be completed by the ninety (90) 'statutory rejection' deadline. After being assured that the City had such intention, I specifically confirmed in writing my understanding that the time for consideration of the

dated January 4, 1996, Cortright was advised that the municipal counselor's office would recommend her claim be denied.[4] By letter dated February 20, 1996, Cortright was advised that her claim would be presented to the City Council on March 5, 1996, and the municipal counselor's office would recommend her claim be denied.[5] On March 5th the claim was denied by the City Council.

¶3 On June 27, 1996, Cortright filed her governmental tort claims action against the City to recover $18,556.11 in actual damages, plus costs and attorney fees.[6] Cortright alleged that the damage was caused by the City's negligence in allowing a main sewer to back-up. The City entered a special appearance and moved to dismiss the action. The City asserted that Cortright's claim was denied by operation of law on December 17, 1995, therefore, she had 180 days or until June 14, 1996, to file the action; and that the June 27th filing is thirteen days out of time, hence, the district court is without jurisdiction to hear this governmental tort claims action. Cortright responded, asserting that the City agreed to extend the date of denial to the actual denial date [7] and therefore the City is estopped to raise the affirmative defense of the statute of limitations. The City replied that its agreement to extend the date of denial cannot be proved from its silence. The district court dismissed the action, allowing Cortright to file an amended petition.[8]

¶4 In addition to the negligence allegations, Cortright's amended petition alleges the circumstances of the agreed-to extension of the date of denial of the claim and Cortright's good faith reliance thereon to her detriment.[9] The City filed a motion to dismiss, alleging that at no time did any authorized agent of the City agree in writing to extend the time limitation for filing a governmental tort claim action and that this action was untimely filed as established by undisputed material facts.[10]

claim was being extended, so that it was the date of claim denial, and not the date of 'statutory rejection', which would start the Statute of Limitations of 51 O.S. § 157.B. running. I was aware that 51 O.S. § 157.A. had a new provision (effective 1 November 1995), which permitted the parties to extend the time for consideration, upon a written agreement. That portion of my letter of 19 December 1995 was intended to serve that purpose.

5. At no time following transmission of my letter of 19 December 1995 (copy attached) did Tom Hurley or any other representative of the City deny the understanding set forth in my 19 December 1995 letter...."

4. This form letter, signed by Amy L. Gray, assistant municipal counselor, implies that the claim has not been denied and advises the claimant to contact Tom Hurley should there be any questions. Cortright's claim was twice removed from the docket of the City Council in January, 1996, as communicated by form letters, signed by Amy L. Gray, assistant municipal counselor.

5. This form letter, signed by Richard C. Smith for Amy L. Gray, advises that Tom Hurley should be contacted if there are any questions.

6. Cortright relies on 12 O.S.1991, § 940(A) for her attorney fee recovery.

7. The June 27, 1996 filing is within the 180–day statute of limitations if it began to run on the date of actual denial on March 5, 1996.

8. Apparently, the trial court viewed Cortright's petition as flawed, but the flaw could be remedied by amendment. 12 O.S.1991, § 2012(G) provides that in dismissing "a claim for relief, the court shall grant leave to amend if the defect can be remedied."

9. The amended petition alleges the facts set forth in Cortright's attorney's affidavit submitted in response to the City's statute of limitations challenge presented in its first motion to dismiss. Cortright contends that the City's motion to dismiss her amended petition is a request for summary judgment on its statute of limitations defense and that the City should be required to assert this affirmative defense in an answer pleading. 12 O.S.1991, § 2012(B) requires that every defense, in law or fact, to a claim shall be asserted in a responsive pleading. Although § 2012(E) permits the joinder of all motions authorized in the section, that section does not permit a statute of limitations defense to be raised by motion.

10. Attached to the City's dismissal motion were Cortright's notice of claim and City's letter acknowledging receipt of the notice and advising that the claim would be deemed denied if not acted upon within ninety days and another letter advising the claim would be considered by the City Council on January 30, 1996. Attached to Cortright's response to the dismissal motion were two letters written by her attorney. Although the City urged that there is no material fact in dispute, Cortright responded that the beginning date of the time limitation within which she could file a governmental tort claim is a disputed question of fact and that the City is not entitled to summary judgment on its statute of limitations defense.

■ ¶5 The time limitations on Cortright's governmental tort claim are set forth in 51 O.S.Supp.1995, § 157.[11] Generally, statutory limitations may not be enlarged on consideration or inconvenience.[12] However, whether the 180–day limitation in § 157(B) may be enlarged is not the issue. On its face, § 157(A) authorizes an enlargement of the 90–day period for denial of the claim and § 157(B) authorizes an enlargement of the 180–day period for commencement of an action. The issue framed by the dismissal filings is whether the date of denial was extended by the parties beyond the ninety days under § 157(A), thereby preventing the denial of the claim by operation of law.

¶6 The City contends that because the claim had not been approved in its entirety within ninety days of the notice and no duly authorized agent of the City executed a written agreement to extend the date of denial, Cortright's claim was deemed denied on December 17, 1995, by operation of law. The City further contends that a strict application of § 157 does not permit the City to agree to an extension of the denial date by its silence.[13] Cortright disputes that the City was silent, alleging that the City's assigned attorney/intern verbally agreed to extend the time for denial of the claim and accepted the letter memorializing the agreement when it proceeded to further investigate the claim and place it on the City Council's docket twice in January and finally in March, 1996. Cortright urges that substantial compliance with the provisions of § 157(A) is sufficient.

■ ¶7 The words of § 157(A)—agreed to in writing by the claimant and the state or political subdivision—do not strictly require a formal written agreement signed by the parties or their duly authorized agents parties,[14] as urged by the City. Confronted

---

The appellate record does not reveal whether the trial court treated the dismissal request as a motion for summary judgment. Because the trial court allowed amendment of the petition upon granting the first dismissal as would be done on a motion for failure to state a claim and because the parties tendered materials outside the pleadings for consideration by the trial court on the second dismissal motion, we assume the trial court utilized the summary judgment procedure. *Norman v. Trison Development Corporation*, 832 P.2d 6, 8 (Okla.1992). Cortright's amended petition should not be dismissed unless it should appear that Cortright could prove no set of facts which would entitle her to relief. *Dyke v. Saint Francis Hospital, Inc.*, 861 P.2d 295, 298–299 (Okla.1993).

**11.** 1995 O.S.L., ch. 121, § 1, added the emphasized language to § 157, which reads as follows:

A. A person may not initiate a suit against the state or a political subdivision unless the claim has been denied in whole or in part. A claim is deemed denied if the state or political subdivision fails to approve the claim in its entirety within ninety (90) days, unless the state or political subdivision has denied the claim or reached a settlement with the claimant before the expiration of that period. If the state or a political subdivision approves or denies the claim in ninety (90) days or less, the state or political subdivision shall give notice within five (5) days of such action to the claimant at the address listed in the claim. If the state or political subdivision fails to give the notice required by this subsection, the period for commencement of an action in subsection B of this section shall not begin until the expiration of the ninety-day period for approval. The claimant and the state or political subdivision may continue attempts to settle a claim, however, settlement negotiations do not extend the date of denial **unless agreed to in writing by the claimant and the state or political subdivision.**
B. No action for any cause arising under this act, Section 151 et seq. of this title, shall be maintained unless valid notice has been given and the action is commenced within one hundred eighty (180) days after denial of the claim as set forth in this section. **The** claimant **and** the state or political subdivision **may agree in writing to** extend the time to commence an action **for the purpose of** continuing to attempt settlement of the claim **except no such extension shall be for longer than two (2) years from the date of the loss.**

**12.** *Resolution Trust Corp. v. Grant*, 901 P.2d 807 (Okla.1995); and *Lake v. Lietch*, 550 P.2d 935 (Okla.1976).

**13.** *Trent v. Board of County Commissioners of Johnston County*, 755 P.2d 615 (Okla.1988), interpreted 51 O.S.1981, §§ 156(C) and 157 to operate to deny a claim where the political subdivision is silent during the ninety-day period after the notice is presented. However, the provisions that authorize the claimant and the governmental entity to extend the ninety-day period for approval of the claim have been added to § 157 subsequent to *Trent*.

**14.** Legislative intent may be ascertained from the title of the act. *Atkinson v. Halliburton Co.*, 905 P.2d 772 (Okla.1995). The title to the 1995 enactment explained the amendment as "allowing

with similar statutory imprecision, this Court has tested the facts and circumstances in each case for substantial compliance with the Governmental Tort Claims Act.[15] We presume legislative familiarity with our substantial-compliance test of the provisions of the Governmental Tort Claims Act.[16] Accordingly, we will not rewrite the 1995 amendment to § 157(A) for surgical precision.

▆▆▆ ¶ 8 Under extant jurisprudence, evidence of the acts of the parties as a whole will be considered to determine the existence of an agreement and a writing signed by only one party can be binding if there was a meeting of the minds on essential elements on unequivocal terms and one party acted thereon in good faith.[17] Further, evidence of a writing signed by one party and acceptance of the terms of the writing by the other is sufficient to bring the action within the statute of limitations for written contracts.[18] These general rules are not inconsistent with the words of § 157(A)—agreed to in writing by the claimant and the state or political subdivision. Pursuant to 51 O.S.1991, § 164, these rules should be followed in governmental tort claims.

▆▆▆ ¶ 9 Cortright's attorney's letter memorializing his understanding that the City would not consider the claim denied by operation of law, together with an inference of the

City's acceptance of the letter arising from the docketing of Cortright's claim for consideration by the City Council after the initial 90–day time period had run and the City's failure to repudiate the agreement[19] could be sufficient to establish the agreement and satisfy the "in writing" requirement in § 157(A). In this record, it appears the City lulled Cortright into a false sense of security. In opposition to the motion to dismiss, Cortright raised a genuine issue as to the beginning date of the 180–day limitation for commencement of a governmental tort claims action with her prima facie showing that the parties agreed to extend the denial date. Whether Cortright's attorney's letter memorializes the agreement of the parties is a question of fact to be determined in the trial court. For purposes of the City's statute of limitations challenge, the beginning date of the 180–day limitation period specified in 51 O.S.Supp. 1995, § 157(B) for commencement of a governmental tort claims action is a disputed material fact which cannot be determined on a dismissal motion. Accordingly, the trial court's dismissal of this action was premature.

**REVERSED AND REMANDED.**

SUMMERS, V.C.J., and HODGES, OPALA, ALMA WILSON and WATT, JJ., concur.

---

parties to agree to extend time to commence certain action; and providing an effective date."

**15.** As *Mansell v. City of Lawton*, 901 P.2d 826, 830 (Okla.1995), says, we have consistently held substantial compliance with the notice provisions is sufficient when the governmental entity is not prejudiced, and the provided information satisfies the purposes of the statutory notice requirements. See, cases cited in *Mansell*, 901 P.2d at 830, footnote 13. The 1995 amendment to § 157(A), authorizing the parties to agree to an extension of the 90–day period, became effective after our decision in *Mansell*, accordingly *Mansell* 's conclusion that a governmental entity may seek additional information regarding a claim, but it may not extend the 90–day period for determination of the claim's validity, is inapplicable to the amendment in 1995 O.S.L., ch. 121, § 1, effective November 1, 1995.

**16.** *Huff v. State*, 764 P.2d 183 (Okla.1988).

**17.** *Schoene v. Hicks*, 23 P.2d 170, 162 Okla. 294 (1933).

**18.** *First National Bank of Berwyn v. Raymer*, 180 Okla. 529, 71 P.2d 485 (1937), presented the issue of whether the five-year statute of limitations for written contracts or the three-year statute of limitations for contracts not in writing governed the action to recover the purchase price of land where the purchase contract allegedly had been lost and was not produced. *Raymer* concluded the deed signed only by the grantor constituted evidence of a written contract and the recording of the deed constituted evidence of acceptance of the contract and remanded the cause for consideration of the fact question of whether the written contract had been paid.

**19.** The City does not deny the verbal agreement. Instead, it asserts that Tom Hurley was not authorized to enter into the agreement. Under these circumstances, Tom Hurley, the assigned attorney/intern, or Amy L. Gray, Assistant Municipal Counselor, or some other attorney in the Office of the Municipal Counselor, could have, with little effort, repudiated the agreement on the basis of Hurley's lack of capacity.

KAUGER, C.J., concurs in part and dissents in part.

LAVENDER, SIMMS, and HARGRAVE, JJ., dissent.