1999 OK 47

**Annette VAUGHAN and Harry Vaughan, Plaintiffs/Appellees,**

v.

**The CITY OF BROKEN ARROW, Defendant/Appellant.**

No. 90,854.

Supreme Court of Oklahoma.

May 25, 1999.

James E. Poe & Samuel Manipella, Tulsa, Oklahoma, for Plaintiffs/Appellees.

Michael R. Vanderburg, City Attorney, Broken Arrow, Oklahoma, for Appellant.

WATT, J.:

## FACTS AND PROCEDURAL HISTORY

¶1 Annette Vaughan, plaintiff/appellee, was injured on November 4, 1994, when her

vehicle was struck from behind by a vehicle owned by the City of Broken Arrow and driven by a City employee. On November 9, 1994, Vaughan gave the City notice of her claim for damages under the Governmental Tort Claims Act, 51 O.S. § 151, et seq. On November 17, 1994, Vaughan's attorney sent a letter to the City outlining her claim for property damages and urging a quick settlement to minimize out-of-pocket expenses. The letter also stated, "Mrs. Vaughan is being seen and treated by her doctor. Upon her release we will try to settle her personal injury claim."

¶2 The City responded by letter on December 13, 1994, and offered Vaughan $12,-355.00 to settle her claim. The letter stated that the settlement figure was "based on NADA book value for a 1994 Escort Station Wagon, four door XL and the medicals submitted." On December 20, 1994, the City sent a second letter that was in most respects the same as the earlier letter. However, the second letter offered Vaughan $12,-385.00 "in settlement for property damages only on your claim." The letter also added a paragraph that specifically addressed Vaughan's claim for personal injuries. That paragraph stated, "The medical damages will remain open at this time. To date, we have seen several insurance forms, and liens, but no medical bills, no diagnosis and no prognosis." Two days later, Vaughan notified the City by letter that she would accept the proposed property damage settlement.

¶3 On January 23, 1995, Vaughan executed a release *prepared by the City*. The release stated that Vaughan accepted the settlement of her claim "for damage done to my automobile" as a result of the accident. The release also provided in pertinent part:

I am aware that City denies liability, and this constitutes partial settlement of a disputed claim. I further understand that damages for personal injury are not covered by this settlement, including, but not limited to medical expenses, pain and suffering. I further understand that I have a right to hire a private attorney to bring an action in Court to resolve the disputed claim, and that by execution of this release,

this claim for property damages will no longer be available for judicial review.

In a letter accompanying the release, dated January 24, 1995, Vaughan's attorney reiterated, "As soon as [Vaughan] is released from any further medical treatment, I will contact you to try to settle her personal injury claim."

¶4 Vaughan continued to receive medical treatment for her injuries throughout 1995 and into early 1996. In February of 1996, Vaughan's doctor concluded that surgery to repair Vaughan's back was not warranted at that time, but she continued to receive treatments into March of that year. On March 26, 1996, Vaughan's attorney sent a letter to the City advising that Vaughan's medical treatments had ended and that she was prepared to settle her personal injury claim. The City responded by asserting that Vaughan's claim had been denied more than 180 days prior to March 26, 1996, because it had not been approved in its entirety when Vaughan accepted the settlement proceeds. Therefore, the City maintained, the claim was time barred under 51 O.S. § 157.

¶5 Vaughan filed the instant action in the District Court of Tulsa County on April 17, 1996. The City's motion for summary judgment on limitations grounds was denied by the trial court, the Honorable Ronald Schaffer, presiding. The jury returned a verdict in favor of Vaughan and awarded her $25,000.00. The City appealed. The Court of Civil Appeals reversed, ruling that Vaughan's action was time barred because it was not brought within 180 days of the date from which she accepted partial settlement of her claim. This Court previously granted Vaughan's petition for a writ of certiorari.

## DISCUSSION

¶6 Title 51 O.S.1995 § 157 provides in relevant part:

A. A person may not initiate a suit against the state or political subdivision unless the claim has been denied in whole or in part. A claim is deemed denied if the state or political subdivision fails to approve the claim in its entirety within ninety (90) days, unless the state or political

subdivision has denied the claim or reached a settlement with the claimant before the expiration of that period.... The claimant and the state or political subdivision may continue attempts to settle a claim, however, settlement negotiations do not extend the date of denial unless agreed to in writing by the claimant and the state or political subdivision.

B.   No action for any cause arising under this act ... shall be maintained unless valid notice has been given and the action is commenced within the one hundred eighty (180) days after denial of the claim as set forth in this section. The claimant and the state or political subdivision may agree in writing to extend the time to commence an action for the purpose of continuing to attempt settlement of the claim except no such extension shall be for longer than two (2) years from the date of the loss.

¶ 7 Pursuant to this statute, a claim is deemed denied if it is not approved by the political subdivision in its entirety within 90 days after the claim is submitted, *unless the date of denial has been extended by written agreement.* The 180 day limitation period for bringing suit begins to run from the date of the claim denial. In the absence of a written agreement to extend the denial date in this case, Vaughan's claim would have been deemed denied no later than February 7, 1995 (90 days after her claim was submitted on November 9, 1994), and the time for bringing suit would have expired 180 days later. At issue here is the effect of the correspondence between Vaughan and the City regarding Vaughan's assertion as to the effective date of the City's denial of her claim and the consequent commencement of the 180 day limitations period from that denial.[1]

¶ 8 This Court addressed a substantially similar set of facts under a predecessor version of § 157 in *Whitley v. Oologah Indep. School Dist. No.I–4 of Rogers County,* 1987 OK 67, 741 P.2d 455. There, the plaintiffs settled the property damage portion of their claim against the school district shortly before the expiration of the 90 day period, but negotiations continued as to the personal injury portion of the claim. We held that the partial settlement and promise to settle the remainder of the claim tolled the automatic denial period provided in the then effective 51 O.S.1981 § 157.[2] We reasoned:

> One cannot equitably lull an adversary into a false sense of security, thereby subjecting his claim to the bar of limitations, and then be heard to plead that very delay as a defense to the action.

*Whitley,* 1987 OK 67 at ¶ 6, 741 P.2d at 457.

¶ 9 The version of § 157 in effect in *Whitley* did not contain any provision· for extending the automatic denial period, yet this Court ruled that the time limit could be extended on equitable grounds. Although the current version of § 157 does not abrogate the principle set forth in *Whitley,* it provides more specific guidelines regarding extensions. The statute authorizes an en-

1.   The parties apparently agree that the 1995 version of § 157 applies to the facts of this case, and the Court of Civil Appeals based its decision on this, the now current, version of the statute. Statutes of limitations are generally viewed as procedural rather than substantive. *Marley Cooling Tower Co. v. Cooper,* 1991 OK 62, ¶ 8, 814 P.2d 472, 475. The time limit of § 157(A) is an ordinary statute of limitations. *See Whitley v. Oologah Indep. School Dist. No. I–4 of Rogers County,* 1987 OK 67, 741 P.2d 455, 458–59 (Opala, J., concurring). As an affirmative defense, statutes of limitation must be raised by the parties or are waived. *Stonecipher v. Dist. Ct. of Pittsburg County,* 1998 OK 122, ¶ 10, 970 P.2d 182, 186. "Matters not first presented to the trial court for resolution are generally not considered on appeal. This is particularly true as to affirmative defenses not raised below." Id. at ¶ 11, 970 P.2d at 186. Because the argument was not raised in the trial court, on appeal or on certiorari, we do not address whether the pre–1995 version of § 157 applies to Vaughan's claim.

2.   Title 51 O.S.1981 § 157 stated in its entirety:

> Within ninety (90) days after receiving the filing of a claim, the clerk of the political subdivision shall notify the claimant in writing of the approval or denial of the claim. A claim is denied if the political subdivision fails to approve the claim in its entirety within ninety (90) days, unless the interested parties have reached a settlement before the expiration of that period. A person may not initiate a suit against a· political subdivision or employee whose conduct gave rise to the claim unless the claim has been denied in whole or in part.

largement of the 90 day period for denial of a claim and it authorizes an enlargement of the 180 day period for commencement of an action. The sole requirement for an enlargement of time is that the parties agreed to such an enlargement in writing. We conclude that the correspondence at issue here clearly constituted an agreement to extend the 90 day period for denial of Vaughan's claim for personal injury damages.

¶ 10 In *Cortright v. City of Oklahoma City*, 1997 OK 158, 951 P.2d 93, this Court addressed the requisites of a written agreement under § 157(A). We held:

> The words of § 157(A)—agreed to in writing by the claimant and the state or political subdivision—do not strictly require a formal written agreement signed by the parties or their duly authorized agents. . . .
>
> Under extant jurisprudence, evidence of the acts of the parties as a whole will be considered to determine the existence of an agreement and a writing signed by only one party can be binding if there was a meeting of the minds on essential elements on unequivocal terms and one party acted thereon in good faith. Further, evidence of a writing signed by one party and acceptance of the terms of the writing by the other is sufficient to bring the action within the statute of limitations for written contracts. These general rules are not inconsistent with the words of § 157(A)— agreed to in writing by the claimant and the state or political subdivision . . . . [and] should be followed in governmental tort claims.

*Id.* at ¶¶ 7 & 8, 951 P.2d at 96–7 (footnotes omitted).

¶ 11 In the present case, the acts of the parties as a whole demonstrate the existence of an agreement that the City would hold in abeyance the denial period regarding Vaughan's personal injury damage claim until Vaughan was released by her doctor. The City offered an amount "in settlement *for property damages only*" on Vaughan's claim and specified that *"[t]he medical damages [would] remain open"* at that time. Having been informed that Vaughan was still being treated for her injuries and that she fully intended to pursue her claim for such damages when treatment ceased, the City then prepared the release that stated the settlement was only for Vaughan's claim "for damage done to [her] automobile." The release further clarified "that damages for personal injury [were] not covered by th[e] settlement." Any confusion regarding the parties' intent—if any remained—was erased by the City's silence after having received Vaughan's letter that accompanied the release. Therein, Vaughan reiterated that she would contact the City to try to settle her personal injury claim "[a]s soon as she [was] released from any further medical treatment."

¶ 12 The above facts illustrate that the 90 day denial period of § 157(A) was tolled by written agreement of the parties. Therefore, the 180 day period for filing suit under § 157(B) did not begin to run until the City denied Vaughan's claim for personal injury damages by letter dated April 5, 1996. Vaughan's claim, filed on April 17, 1996, was hence timely. To rule otherwise would be to permit the City to "lull [Vaughan] into a false sense of security, thereby subjecting [her] claim to the bar of limitations, and then be heard to plead that very delay as a defense to the action." This is the precise type of conduct denounced in *Whitley, supra*.

¶ 13 Vaughan also urges application of *Bivins v. State ex rel. Okla. Mem. Hosp.,* 1996 OK 5, 917 P.2d 456, to the facts of this case. In *Bivins* we held that the 90 day period begun by the initial notice of a tort claim was treated as legally arrested during the interval between the government's request for further information and its timely submission. *Id.* at ¶ 14, 917 P.2d at 463. Vaughan contends that the City's letter of December 29, 1994, which stated that the City had seen "no medical bills, no diagnosis and no prognosis," was tantamount to a request for further information. Because we reverse this case on other grounds, however, we need not determine whether *Bivins* applies here.

## CONCLUSION

¶ 14 Title 51 O.S.1995 § 157 authorizes an enlargement of the 90 day period for

denial of a claim where the parties agree to such in writing.  Here, the parties' written correspondence constitutes an agreement by the City to hold in abeyance the 90 day denial period regarding Vaughan's personal injury claim pending her release from medical treatment.  The 180 day period for filing a lawsuit was not triggered until the City denied her personal injury claim on April 5, 1996.  Vaughan's suit, filed 12 days later, was therefore timely.

¶ 15  Certiorari previously granted.  The opinion of the Court of Civil Appeals is vacated.  The judgment of the district court is affirmed.

¶ 16  ALL JUSTICES CONCUR.

