1999 OK 102

**Sharon CARSWELL, Appellant,**

v.

**OKLAHOMA STATE UNIVERSITY, The Department of Higher Education State of Oklahoma; Steven Graham and Robert E. Graalman, Jr., Appellees.**

No. 92806.

Supreme Court of Oklahoma.

Dec. 21, 1999.

As Corrected Jan. 4, 2000.

---

**16.**   See *supra* note 4.

E.W. Keller, Oklahoma City, Oklahoma, for Appellant.

S. Louis Little, Assistant Attorney General, Oklahoma City, Oklahoma, for Appellees.

¶ 1  KAUGER, J.

¶ 2  Two issues are presented in this cause which is governed by the Governmental Tort Claims Act: 1) whether a petition filed within 180 days of a governmental entity's affirmative representation of the date of denial was timely under 51 O.S.Supp.1995 § 157;[1] and 2) whether dismissal was pre-

---

1.  Title 51 O.S.Supp.1995 § 157 provides:

"A.  A person may not initiate a suit against the state or a political subdivision unless the claim has been denied in whole or in part.  A claim is deemed denied if the state or political subdivision fails to approve the claim in its entirety within ninety (90) days, unless the state or political subdivision has denied the claim or reached a settlement with the claimant before the expiration of that period.  If the state or a political subdivision approves or denies the claim in ninety (90) days or less, the state or political subdivision shall give notice within five (5) days of such action to the claimant at the address listed in the claim.  If the state or political subdivision fails to give the notice required by this subsection, the period of commencement of an action in subsection B of this section shall not begin until the expiration of the ninety-day period for approval.  The claimant and the state or political subdivision may continue attempts to settle a claim, however, settlement negotiations do not extend the date of denial unless agreed to in writing by

mature as to the individually named employees. Because the political subdivision delineated a specific date of denial, under these unique facts, the action brought within 180 days of the specified date was timely; and because the appellant, Sharon Carswell (Carswell), presented no evidentiary materials, in response to the motions to dismiss and for summary judgment, of wilful or wanton conduct on the part of the individual appellees, no individual liability may be imposed.

## FACTS

¶3 From August of 1996 through May of 1997, Sharon Carswell (Caswell/appellant) was a chemistry student at Oklahoma State University in Stillwater, Oklahoma. Alleging that she suffered physical harm from chemical exposure during study and work, Carswell filed a claim under the Tort Claims Act on July 10, 1997. The appellees, Oklahoma State University, the Department of Higher Education (collectively, State) and Steven Graham and Robert E. Graalman, Jr. (employees) did not respond by October 8, 1997—the 90th day following Carswell's notice. Rather, on November 21, 1997, the State denied her claim stating:

> "The Office of the Oklahoma Attorney General has completed the process of evaluating the above-referenced tort claim. After careful consideration of the facts, **your client's claim is hereby denied, effective as of the date of this letter.**" [Emphasis supplied.]

¶4 Carswell filed this cause on April 15, 1998, alleging that November 21, 1997, the date specified in the State's letter, was the claim's denial date. On November 16, 1998, the State filed a joint motion to dismiss and motion for summary judgment. Although the State alleged that there was no causal connection between Carswell's condition and

exposure to chemicals and that the employees were not proper parties, it relied primarily upon the time limitations of 51 O.S.Supp. 1995 § 157. The State argued that because Carswell did not file suit within 180 days of the date, the claim was "deemed" denied under § 157(A). On March 5, 1999, finding that the action was filed 189 days after the claim was deemed denied under 51 O.S.Supp. 1995 § 157(A), the trial judge sustained the State's motion for summary judgment and dismissed the employees as parties. The Court of Civil Appeals affirmed. Certiorari was granted on November 15, 1999.

## I.

¶5 **UNDER THE UNIQUE FACTS PRESENTED, THE SUIT WAS FILED TIMELY UNDER 51 O.S.Supp.1995 § 157.**

¶6 Carswell asserts that the State's affirmative representation of a specific effective date for denial estops it from relying upon a calculated date under 51 O.S.Supp.1995 § 157. The State argues that Carswell's cause of action was barred by operation of law. In essence, the State contends that it's express delineation of a specific date was ineffective to extend the time for filing beyond April 6, 1998—180 days following the date the claim was "deemed" denied statutorily. It alleges that the letter, setting forth a specific date of denial, was ineffective to extend the time for filing an action because Carswell had imputed knowledge at the end of the 90 days that the claim was denied. Under the facts presented, we disagree.

¶7 The State relies on *Shanbour v. Hollingsworth,* 1996 OK 67, ¶9, 918 P.2d 73 and on *Mansell v. City of Lawton,* 1995 OK 81, ¶14, 901 P.2d 826[2] for the proposition that its response, outside the 90-day limitation of

the claimant and the state or political subdivision.

B. No action for any cause arising under this act, Section 151 et seq. of this title, shall be maintained unless valid notice has been given and the action is commenced within one hundred eighty (180) days after denial of the claim as set forth in this section. The claimant and the state or political subdivision may agree in writing to extend the time to commence an action for the purpose of continuing to attempt

settlement of the claim except no such extension shall be for longer than two (2) years from the date of the loss."

2. These cases were cited by the State in its combined motion for dismissal and motion for summary judgment. No briefs were filed by the parties on appeal. Rule 1.36(g), Oklahoma Supreme Court Rules, 12 O.S.Supp.1997, App. 1, Rule 1.36.

51 O.S.Supp.1995 § 157(A), did not extend the 180–day limitations period for filing an action. In *Shanbour*, it was undisputed that suit was filed beyond the 180–day time limitation of § 157(B). The issue presented concerned whether the time period for filing could be extended for excusable neglect pursuant to 12 O.S.1991 § 2006(B)(2). Finding the time limitations of the Tort Claims Act narrowly structured, the Court refused to allow an extension of the statutory limitations period under the general procedural regime.

¶ 8 In *Mansell,* the City of Lawton argued that the government's request for additional information from an allegedly injured party extended the 90–day timing provision for automatic denial of a claim under § 157. The Court held that, although a political subdivision could seek additional information regarding a claim, it could not extend the 90–day period for determination of the claim's validity.[3]

¶ 9 *Shanbour* and *Mansell* are distinguishable. Unlike the situation here, there was no question of when the limitations period began to run in *Shanbour.* The plaintiff's failure to file within the time limitations of the Tort Claims Act arose from her attorney's physical inability to carry out his duties. In *Mansell,* the government's request for information was premised on its argument that it could not determine, from the notice filed, whether damages occurred within the applicable one-year statute of limitations—an assertion not presented here.

Most notably, the government made no representation to the plaintiffs in either *Shanbour* or *Mansell*—as it did here—that the claim was denied as of a date certain.

¶ 10 A cause closer to the facts presented than either *Shanbour* or *Mansell* is *Trent v. Board of County Comm'rs.,* 1988 OK 15, ¶ 12, 755 P.2d 615. In *Trent,* the claimants received actual notice of a denial of their claims after the 90–day time limitation of 51 O.S. 1981 § 157 had expired. The Trents filed their cause in district court within 180 days of the date notice was given. Nevertheless, the filing fell more than 180 days after the date the claim was deemed denied statutorily. In a *per curiam* opinion, the Court held that the 180–day statute of limitations began to run 90 days after the claims were presented rather than from the time the claimants received actual notice of denial.

¶ 11 Despite its similarities, one material fact—the affirmative representation of a date certain for denial of Carswell's claims—takes this cause outside the purview of *Trent.* The Trents received a letter dated March 1st indicating their claims had been denied. Here, Carswell received a letter dated November 21st stating that her claim was denied **"effective as of the date of this letter."**[4]

¶ 12 Title 51 O.S.Supp.1995 § 157 provides a claim is deemed denied if it is not approved by the political subdivision in its entirety within 90 days after the claim is

---

**3.** See also, *Sanchez v. City of Sand Springs,* 1990 OK 26, ¶ 12, 789 P.2d 240; *Trent v. Board of County Comm'rs,* 1988 OK 15, ¶ 10, 755 P.2d 615; *Doe v. Independent School Dist. No. I–89,* 1988 OK 115, ¶ 10, 780 P.2d 659. *Mansell v. City of Lawton,* see note 5, infra, was decided in 1995. In 1996, the Court was again presented with the issue of the effect of an agency's post-notice request for information on the 90–day limitation under 51 O.S.Supp.1995 § 157, see note 1, supra. In *Bivins v. State ex rel. Oklahoma Memorial Hosp.,* 1996 OK 5, ¶ 15, 917 P.2d 456, we held that a claimant has a legitimate expectation that an agency's request for additional information is made in good faith and that § 157's 90–day bar on suit runs from the time the additional information is provided rather than from the date of original notice. In so holding, we considered and distinguished *Sanchez, Trent* and *Doe*—causes similar to *Mansell. Bivins v. State*

*ex rel. Oklahoma Memorial Hosp.,* supra this note, provides in pertinent part at ¶ 5:

"Extant GTCA jurisprudence, *Trent v. Board of County Commissioners, Sanchez v. City of Sand Springs,* and *Doe v. Independent School Dist. No. I–89,* has dealt with some aspects of an agency's post-notice request for additional information. Although these cases appear to militate against today's result, we find them clearly distinguishable on the point *sub judice* when viewed in light of the record in this case. The *Trent* claimants utterly failed to respond to the government's request for further information; in *Sanchez,* the data was not tendered until some five months later; and in *Doe,* there is no indication in the opinion's text that the claimant ever responded to the request...." [Footnotes omitted.]

**4.** See pertinent language, p. 1120, supra.

submitted. Once a valid notice of claim has been presented and the claim has been denied, a claimant has 180 days to commence a lawsuit. Under the statute, if a claim is neither denied, approved nor settled prior to the 90 days after notice is filed, the claim is deemed denied by operation of law[5] unless the date of denial is extended by written agreement .[6] It is questionable whether the State's letter standing alone is sufficient to meet the requirements for a "writing" within the meaning of 51 O.S.Supp.1995 § 157.[7] Although the effect to be given the State's notification of a specific date of denial presents a question of law,[8] it is clear under our jurisprudence that in determining the legal significance of the State's representation of a specific denial date, equitable grounds may be weighed.[9]

¶ 13   In *Vaughan v. City of Broken Arrow*, 1999 OK 47, ¶¶ 8 and 9, 981 P.2d 316, the Court held that correspondence between the political subdivision and the injured party was sufficient to meet the writing requirements under 51 O.S.Supp.1995 § 157. Nevertheless, we reiterated a principle first announced in *Whitley v. Oologah Indep. School Dist. No. I–4*, 1987 OK 67, ¶ 6, 741 P.2d 455—that a political subdivision may not lull an injured party into a false sense of security concerning the applicable denial date under 51 O.S.Supp.1995 § 157 and then rely on the induced delay as a defense to an action.[10]

■ ¶ 14   The State, by providing Carswell with a date-specific for the denial of her claim, created a legitimate expectation that she would have 180–days from the delineated date to file her claim under the Tort Claims Act.

## II.

¶ 15 **INSUFFICIENT EVIDENTIARY MATERIALS WERE PRESENTED ON THE EMPLOYEE'S WILFUL OR WANTON CONDUCT TO AVOID DISMISSAL.**

¶ 16   Carswell argues that the individual employees may be held liable because of their wanton and reckless disregard of the safety of students in the handling of chemicals. The State contends that the employees, acting within the scope of their employment, are not proper parties to the suit.

¶ 17   In her petition, Carswell averred that "at all times herein mentioned" the employees were acting within the scope of their employment. Evidently, in an attempt to provide an alternative ground for recovery, she also asserted that the employees violated state and federal rules and regulations in handling certain chemicals[11] and that the

---

5.   Title 51 O.S.Supp.1995 § 157, see note 1, supra; *Mansell v. City of Lawton*, 1995 OK 81, ¶ 13, 901 P.2d 826.

6.   *Vaughan v. City of Broken Arrow*, 1999 OK 47, ¶ 7, 981 P.2d 316.

7.   *Cortright v. City of Oklahoma City*, see note 9, infra [Attorney's letter sent to city memorializing an understanding that city would not consider tort claim denied by operation of law after 90 days and that city docketed claim for consideration by city council after initial 90–day period had run without repudiating alleged agreement raised issue of material fact as to when 180–day limitations period began.]; *Jarvis v. City of Stillwater*, 1987 OK 5, ¶ 5, 732 P.2d 470. [City's letter requesting information and mentioning investigation of claim was insufficient to estop political subdivision from asserting time bar under Tort Claims Act.]

8.   See, *Bivins v. State ex rel. Oklahoma Memorial Hosp.*, note 3 at ¶ 16, supra. In *Bivins*, an Attorney General's letter sent upon receipt of a copy of the initial notice of claim informing the parties that the right to sue accrued on a date certain was found inefficacious in light of a subsequent request for additional information to cure the notice requirements of the Tort Claims Act. The legal event at issue in *Bivins* was the subsequent request for notice. Here, the Attorney General's letter and the specific date represented is the legal event controlling the date triggering the 180–day statutory limitations of 51 O.S.Supp. 1995 § 157, note 1, supra.

9.   *Vaughan v. City of Broken Arrow*, see note 10, infra; *Whitley v. Oologah Indep. School Dist. No. I–4*, see note 10, infra.

10.   *Vaughan v. City of Broken Arrow*, 1999 OK 47, ¶ 9, 981 P.2d 316; *Cortright v. City of Oklahoma City*, 1997 OK 158, ¶ 9, 951 P.2d 93; *Whitley v. Oologah Indep. School Dist., No. I–4*, 1987 OK 67, ¶ 6, 741 P.2d 455.

11.   Carswell's petition, filed on April 15, 1998, providing in pertinent part:

"... II.
That the Defendants Steven Graham and Robert E. Graalman, Jr., are employees and agents

employees' actions constituted wanton and wilful conduct allowing the imposition of individual liability.

¶ 18 The Tort Claims Act immunizes the state, its political subdivisions and all their employees acting within the scope of employment except to the extent waived by the Act.[12] Employees are within the scope of employment for purposes of the Act when acting in good faith within the duties of office or employment or while carrying out lawfully assigned tasks.[13] Employees, other than resident physicians and interns, acting within the scope of employment may not be named as defendants in an action based on the Tort Claims Act.[14]

¶ 19 In its motion to dismiss/motion for summary judgment, the State asserted that: 1) the trial court lacked subject matter jurisdiction; 2) Carswell had failed to state a claim upon which relief could be granted; and 3) the employees lacked capacity to be sued. Attached to the joint motion were a number of articles concerning research associated with Carswell's skin condition.[15] In response to the State's combined motion, Carswell quoted from one doctor's deposition and two reports tending to show a relationship between her condition and her exposure to chemicals encountered through her studies. Carswell also attached her personal affidavit and a copy of the State's letter of November 21, 1997.

¶ 20 Missing from Carswell's responses to the State's argument are any evidentiary materials relating to the employees' conduct.[16] Although she argued before the trial court that all parties were properly named, she did not present any factual or legal grounds supporting her argument that the employees acted maliciously or in bad faith. Except in cases where only one reasonable conclusion can be drawn, the question of whether an employee has acted within the scope of employment at any given time is a question for the trier of fact.[17] Nevertheless, summary judgment is based only on the record before the trial court when its decision is made.[18] No evidentiary materials were presented to support the finding of liability. Therefore, we hold that the employees were properly dismissed.

## CONCLUSION

¶ 21 The purpose of the 90–day period for a political subdivision to either approve or deny a claim is to benefit the plaintiff. A

---

of the Defendant, Oklahoma State University. That at all times herein mentioned said Defendants were acting within the scope of such employment and agency with the Defendant, Oklahoma State University . . . . .
. . . V.
That the ignoring of State and Federal rules, regulations and laws pertaining to chemical [sic] plus the failure to follow its own rules and policies as to the use of chemicals and the negligence of Defendants, was so flagrant as to be wanton and willful . . . ."

12. Title 51 O.S.1991 § 152.1(A).

13. Title 51 O.S.Supp.1994 § 152(9).

14. Title 51 O.S.1991 § 163(C).

15. Motions to dismiss for failure to state a claim upon which relief can be granted—including materials outside the pleadings not excluded by the trial court—are treated as motions for summary judgment. Title 12 O.S.1991 § 2012 provides in pertinent part:
". . . (B) . . . 6. Failure to state a claim upon which relief can be granted . . .
If, on a motion asserting the defense numbered 6 of this subsection to dismiss for failure of the

pleading to state a claim upon which relief can be granted, matters outside the pleading are presented and not excluded by the court, the motion shall be treated as one for summary judgment and all parties shall be given a reasonable opportunity to present all material made pertinent to such a motion by the rules for summary judgment. . . . "
*Washington v. State ex rel. Dept. of Corrections,* 1996 OK 139, ¶ 7, 915 P.2d 359.

16. On certiorari, Carswell insisted that a question of fact existed concerning the employees conduct because of violation of "O.S.U. guidelines and policies" and "O.S.H.A. requirements." Petition for certiorari, filed on August 18, 1999, p. 8. Nevertheless, there is no citation to the mentioned guideline or requirements.

17. *Nail v. City of Henryetta,* 1996 OK 12, ¶ 13, 911 P.2d 914.

18. *Bivins v. State ex rel. Oklahoma Memorial Hosp.,* see note 3 at ¶ 22, supra; *Allen v. Board of Trustees,* 1988 OK 99, ¶ 6, 769 P.2d 1302; *In re Estate of Whitlock,* 1988 OK 10, ¶ 1, 754 P.2d 862; *Frey v. Independence Fire & Cas. Co.,* 1985 OK 25, ¶ 6, 698 P.2d 17.

date certain for denial prevents a political subdivision from needlessly delaying the filing of a claim beyond the three-month period.[19] The legislatively recognized need for plaintiffs' protection in a governmental tort claims action presents a public interest element worthy of judicial protection.[20] We cannot disregard the serious legal effect a political subdivision's delineation of a date-certain for denial of a claim may have on an injured party's rights. Rather than dismissing the State's representation as having no effect, we hold that, under the facts presented, Carswell's suit was timely under 51 O.S.Supp.1995 § 157. However, we express no opinion on the State's liability. Because of the lack of evidentiary materials relating to the employee's conduct,[21] we uphold the dismissal.

**COURT OF CIVIL APPEALS OPINION VACATED; TRIAL COURT AFFIRMED IN PART AND REVERSED IN PART; CAUSE REMANDED.**

SUMMERS, C.J., HODGES, OPALA, KAUGER, WATT, JJ., concur.

HARGRAVE, V.C.J., LAVENDER, J., dissent.

BOUDREAU, J., disqualified.

**19.** *Doe v. Independent School Dist. No. I–89,* see note 3, supra; *Trent v. Board of County Comm'rs,* see note 3, supra.

**20.** *Bivins v. State ex rel. Oklahoma Memorial Hosp.,* see note 3 at ¶ 13, supra.

**21.** Summary judgment is proper only when the pleadings, affidavits, depositions, admissions or

other evidentiary materials establish that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Nail v. City of Henryetta,* see note 16 at ¶ 14, supra; *Carris v. John R. Thomas & Assoc.,* 1995 OK 33, ¶ 16, 896 P.2d 522; *Skinner v. Braum's Ice Cream Store,* 1995 OK 11, ¶ 9, 890 P.2d 922.