### 2003 OK CIV APP 93

**Terry CLEM, as Attorney–in–Fact for Thais Eoff, Plaintiff/Appellant,**

**v.**

**LEEDEY PUBLIC WORKS AUTHORITY, ex rel. The LEEDEY NURSING CENTER, Defendant/Appellee.**

#### No. 99,092.

Court of Civil Appeals of Oklahoma, Division No. 3.

Sept. 19, 2003.

---

Derek B. Smith, White Law Firm, Oklahoma City, OK, for Plaintiff/Appellant.

James K. Secrest, II, Timothy S. Harmon, Brian J. Goree, Secrest, Hill & Butler, Tulsa, OK, for Defendant/Appellee.

Opinion by KENNETH L. BUETTNER, Judge:

¶ 1 Plaintiff/Appellant Terry Clem, as Attorney–in–Fact for Thais Eoff, appeals from an order dismissing her case against Defendant/Appellee Leedey Public Works Authority, ex rel. The Leedey Nursing Center (Leedey). Clem filed suit after Leedey denied her claim made pursuant to the Governmental Tort Claims Act (the Act).[1] Leedey sought to have the case dismissed as untimely. The parties disputed the beginning of the running time of the 180 days allowed for filing suit after denial of a claim. Because Clem filed her action beyond the statutory 180 days allowed under the Act, we affirm the dismissal of the action.

¶ 2 The Act provides that the State of Oklahoma and its political subdivisions are immune from liability for torts, except in cases where that immunity is waived to the extent and manner provided in the Act. 51 O.S.2001 § 152.1. In order to invoke the provisions of the Act, an aggrieved person must file a claim with the State or political subdivision within one year of the date the loss occurs. 51 O.S.2001 § 156. A person may not file suit against the State or a political subdivision until the claim has been denied (or deemed denied by the passage of time). 51 O.S.2001 § 157(A). Most pertinent to this case, the Act states: "(n)o action for any cause arising under (the Act) shall be maintained unless valid notice has been given and *the action is commenced within one hundred eighty (180) days after denial of the claim* as set forth in this section." 51 O.S.2001 § 157(B) (emphasis added).

¶ 3 Clem filed her claim against Leedey August 16, 2001. The letter from Leedey denying the claim is dated October 9, 2001. Clem filed her Petition April 9, 2002, in which she charged Leedey with negligence in the care it gave to Clem's aunt, Thais Eoff, while she was a resident at the Leedey Nursing Center. In her Petition, Clem averred that her claim was denied "by way of correspondence dated October 9, 2001."

¶ 4 Leedey filed its Motion to Dismiss October 23, 2002. Leedey argued that dismissal was required because Clem filed her Petition 182 days after the claim was denied and the Petition was therefore untimely under the Act. Leedey asserted that a Petition filed after 180 days from the denial of the claim must be dismissed for failure to state a claim on which relief may be granted, citing *Lasiter v. City of Moore,* 1990 OK CIV APP 76, 802 P.2d 1292, *cert. denied.*

¶ 5 Clem filed her Response and Objection to Defendant's Motion to Dismiss November 7, 2002. Clem argued that she did not receive notice of the denial of her claim until October 11, 2001 and that she filed her Petition 180 days from that date. Clem argued that her Petition was therefore timely under the Act. To her Response, Clem attached a copy of the certified mail envelope, in which the denial was mailed to counsel for Clem, which includes the language "1st Notice *10– 11,*" purportedly showing that it was received October 11, 2001. Clem also attached a calendar which shows October 12, 2001 as day 1 and counts up to April 9, 2002 as day 180.

¶ 6 Following a hearing held January 8, 2003, the trial court issued its order granting Leedey's Motion to Dismiss March 10, 2003. On appeal, Clem argues that because Leedey attached evidentiary materials to its Motion to Dismiss, the trial court's order should be

---

1. 51 O.S.2001 §§ 151 *et seq.*

treated as one granting summary judgment. Clem argues summary judgment was improper because of the factual dispute over the start of the 180 days for filing suit. However, Clem asserts that the parties do not dispute that her claim was denied October 9, 2001, but she received the letter informing her of the denial October 11, 2001, or that her suit was filed April 9, 2002. The dispute is one of law: whether the 180 days begins on the date the claim is denied or the date the denial notice is received by the claimant.

¶ 7 As stated above, the Act clearly states that an action against the State or a political subdivision must be brought within 180 days after the claim is denied. 51 O.S.2001 § 157(B). The Oklahoma Supreme Court has expressly stated "(t)he 180 day limitation period for bringing suit begins to run from the date of the claim denial." *Vaughan v. City of Broken Arrow*, 1999 OK 47, 981 P.2d 316, 319 (not addressing the issue presented here). Nothing in the language of the Act provides for 180 days from the date the denial is received. Indeed, the Act provides that the State or a political subdivision must give notice to the claimant of the denial or approval of the claim within 5 days of such decision. 51 O.S.2001 § 157(A). That subsection provides that the State or political subdivision must approve or deny a claim within 90 days, and that if no decision is made within that time, the claim is deemed denied. The 5 day notice provision in that subsection specifically states:

> If the state or a political subdivision approves or denies the claim in ninety (90) days or less, the state or political subdivision shall give notice within five (5) days of such action to the claimant at the address listed in the claim. If the state or political subdivision fails to give the notice required by this subsection, the period for commencement of an action in subsection B of this section shall not begin until the expiration of the ninety-day period for approval.

51 O.S.2001 § 157(A). This language requires the State or political subdivision to give notice of the denial of a claim within 5 days of the denial, or be subject to the 90 day

deemed denied period before the 180 day limitations period for filing an action begins. The Act does not state that a claimant has 180 days from the time she receives the notice, but rather gives claimants 180 days from the date of denial (or 180 days from the 90th day after the claim was filed, if no notice of denial was given). Because the Act clearly provides for a time for giving notice, but equally clearly provides that an action must be filed within 180 days of the date of denial, it is unreasonable to conclude that the 180 day period runs from the date notice is received. For example, if the State denied a claim on the 90th day after the claim was filed, it would be inconsistent to hold that if the State gave no notice of the denial then the 180 days would run from the 90th day, but also to hold that if the State did give notice of the denial on the 95th day (as allowed by the Act) then the claimant would have 180 days from the date the notice is received, i.e. 185 days from the deemed denied date. This is particularly evident under the example because it would be unreasonable for a claimant who did not receive any notice of the denial to have a shorter limitations period than a claimant who was timely informed the claim had been denied and therefore received express notice of the commencement of the 180 day limitations period.

¶ 8 In *Carswell v. Oklahoma State University*, 1999 OK 102, 995 P.2d 1118, the 90 day period for denying or approving the claim expired October 8, 1997. The claimant received a letter from the political subdivision dated November 21, 1997 which stated that the claim was denied "as of the date of this letter." *Id.* at 1120. The claimant filed suit within 180 days of the date of the letter (not the date of receipt) and the political subdivision sought to dismiss the case because the suit was filed more than 180 days from the 90th day, on which date the political subdivision argued the claim was deemed denied, triggering the 180 day limitation period. *Id.* The Oklahoma Supreme Court held that by affirmatively stating the denial date as later than the 90 day period, the political subdivision effectively extended the time for approval or denial of the claim, and held that the plaintiff's suit was timely. *Id.* at 1121. The court explained that by stating a date certain

for denial in its letter to the claimant, the political subdivision had lulled the claimant into a false sense of security that she would have 180 days from the date of denial, while the political subdivision then sought to dismiss the action based on the 90 day deemed denied rule. *Id.* at 1123. Most relevant to the instant case, however, is that there was no issue of when the mailed notice was received by the claimant. The claimant and the court operated under the correct view that the key date for triggering the 180 day limitations period is the date of denial.

¶ 9 In *Carswell,* the court contrasted the holding in *Trent v. Bd. of County Com'rs of Johnston County,* 1988 OK 15, 755 P.2d 615. In *Trent,* the claimant was not given notice of the denial of the claim until three weeks after the 90 day period expired. *Id.* at 617. The claimant filed his suit within six months of the date he received notice. *Id.* At the time of the claim and filing of suit in *Trent,* the Act expressly provided that a cause of action could be brought "within six (6) months after notification of denial of the claim by the clerk of the political subdivision." 51 O.S.1981 § 156(C). Even with that language in the Act, the court held that the parties were imputed with knowledge that the 180 day limitations period in § 157 began on the 90th day after the claim was filed, when the claim was deemed denied. *Id.* at 618. The court held that regardless of the notice date, the six month limitations period was triggered on the deemed denied date. *Id.* The court in *Carswell* distinguished the two cases based on the fact that in *Trent* the late notice simply stated the claim was denied, while in *Carswell,* the late notice stated the claim was denied on a particular date after the 90 days expired. 995 P.2d at 1121. These cases establish that the date of denial, not the date of notice, is the trigger for the running of the 180 day limitations period.

¶ 10 The language quoted from the 1981 version of the statute, providing that the limitations period began on the date of notice of denial, was removed from the Act in 1984. The Act now provides that a cause of action must be brought within 180 days of the date of denial, and requires the state to give notice of the denial within 5 days or else be subject to suit for 180 days from the 90 day deemed denied date. The plain language of the Act is that the 180 day period runs from the date of denial—either from the date of an affirmative denial, or from the date of the deemed denial. Receipt of notice is not a relevant date under the Act.

¶ 11 Clem relies on *Cortright v. City of Oklahoma City,* 1997 OK 158, 951 P.2d 93, for the holding that summary judgment is improper where the parties dispute the beginning date of the 180 day limitations period under the Act. The facts of *Cortright* are distinguishable from those in the instant case and, as a result, the bare statement of the holding is inapplicable in this case. In *Cortright,* the loss occurred April 22, 1995. The claimant filed her claim September 18, 1995. The city acknowledged receiving her claim and advised her that the claim would be deemed denied if it was not approved within 90 days. In November 1995, the city asked for property depreciation information which the claimant provided in December 1995. In that response, the claimant expressed her understanding, from dealings with the city attorney, that the claim would not be deemed denied even though the city failed to act on the claim within 90 days. The city attorney informed the claimant in January 1996 that it would recommend that the claim be denied. The city then informed the claimant that her claim would be presented to the city council March 5, 1996. The city council denied the claim March 5, 1996. The claimant filed her action June 27, 1996. The city sought to have it dismissed because it was filed more than 180 days from the December 17, 1995 deemed denied date.

¶ 12 The court in *Cortright* noted that § 157(A) allows for the parties to agree in writing to extend the 90 day period for denial of a claim. The court found that the negotiations between the claimant and the city attorney in *Cortright* demonstrated a dispute of fact about whether the parties had agreed to extend the claim denial period and also about the date the 180 day period began. *Id.* at 96–97.

¶ 13 In this case, Clem does not assert that the parties agreed to extend the time for

beginning the 180 day limitations period. There is no factual dispute that the claim was denied within the 90 day period and Clem received notice of the denial within 5 days. Therefore, under the plain language of the Act, Clem could not bring a cause of action under the Act more than 180 days after the claim was denied October 9, 2001. Clem's action in the district court was untimely filed and dismissal was proper.

AFFIRMED.

ADAMS, P.J., and JOPLIN, C.J., concur.