2006 OK CIV APP 72

**Robert J. DAVIS, an individual, Plaintiff/Appellee,**

v.

**INDEPENDENT SCHOOL DISTRICT NUMBER 89 OF OKLAHOMA COUNTY a/k/a Oklahoma City Public Schools, Defendant/Appellant.**

**No. 101,002.**

Court of Civil Appeals of Oklahoma, Division No. 4.

March 28, 2006.

Certiorari Denied May 30, 2006.

Jay F. McCown, Quick & McCown, Oklahoma City, OK, for Appellee.

F. Andrew Fugitt, Laura L. Holmes, The Center for Education Law, Inc., Oklahoma City, OK, for Appellant.

Opinion by JOHN F. REIF, Judge.

¶ 1 This appeal concerns a claim by Robert Davis to recover damages he sustained in a motor vehicle collision with a bus owned by Independent School District No. 89 of Oklahoma County. The trial court entered judgment on a jury verdict finding School District liable and awarding Mr. Davis $98,000 in damages. School District's sole challenge to this judgment on appeal is that Mr. Davis did not timely file suit as provided in section 157(B) of the Governmental Tort Claims Act, 51 O.S.2001 and Revised Supp.2005 §§ 151 through 172.

¶ 2 Both in the trial court [1] and here on appeal, School District has argued that

1. School District presented this time-bar issue to    the trial court in a motion to dismiss and a

the claim Mr. Davis submitted to School District on October 2, 2000, was deemed denied on December 31, 2000, and is the date fixed by § 157(A) for School District to approve or deny the claim. School District points out that suit must be filed within 180 days of the denial of a claim as provided in § 157(B) of the Act, and stresses the filing of Mr. Davis' suit on February 20, 2002, was well over 180 days after December 31, 2000. In response, Mr. Davis has maintained that the period in which School District was required to approve or deny his claim was tolled when School District's insurance adjuster requested information from Mr. Davis' attorney on December 29, 2000, two days before the School District contends the claim was deemed denied. Mr. Davis relies on case law that holds the period to approve or deny the claim does not recommence until the claimant responds to the request. Mr. Davis notes his attorney responded to the request on October 5, 2001, and that his suit was filed within 180 days of this date. Upon review, we agree with Mr. Davis and affirm the judgment on the jury verdict.

¶ 3 On December 29, 2000, School District's insurance adjuster wrote a letter to Mr. Davis' attorney that states:

Please allow this letter to serve as a request for status on the above mentioned case. We have recently received correspondence from Sooner Physical Therapy that indicates your client has been released from treatment. Please advise if you are in the position to negotiate a bodily injury settlement.

I look forward to your response. If you should have any questions or concerns, feel free to contact me at the number below.

While not asking for any particular information, the letter does say it should be considered "a request for status on the ... case."

¶ 4 By making reference to a specific matter about which the adjuster did possess information (the medical release of Mr. Davis), and by seeking advice concerning the

attorney's "position to negotiate," the letter is clearly asking for confirmation of the release information and for other information upon which to "negotiate a bodily injury settlement." It goes without saying that the same information that would be important to negotiating a settlement would be important to reaching a decision whether to approve or deny the claim.

¶ 5 In addition, the letter advises that the adjuster is "look[ing] forward to your response," indicating that the adjuster expects information to be provided concerning the "status" of the case, the medical release of Mr. Davis, and Mr. Davis' "position" on settlement. Considering the fact that this is a request by School District's authorized agent, Mr. Davis' attorney would have "a legitimate expectation to assume that [the] request is made in good faith pursuit of *necessary* information." *Bivins v. State ex rel. Oklahoma Memorial Hospital,* 1996 OK 5, ¶ 10, 917 P.2d 456, 461.

¶ 6 In *Bivins,* the Oklahoma Supreme Court observed that "[i]n every public entities' post-notice request for more information dwells its implied declaration that the earlier notice is to be regarded as deficient ... and is hence, at best, to be treated as only an *inchoate* filing." *Id.* at ¶ 11, 917 P.2d at 462. "A post-notice request for *more complete information* can never logically be equated with the government's *silence, i.e.* with its lack of response which the statute requires to be taken as the claim's denial." *Id.* (footnote omitted). "[A]n agency's post-notice request to be better informed about the claim at hand *negates* the efficacy of the earlier notice and eloquently *signals an end of the initially triggered cycle* [to initiate] litigation." *Id.*

¶ 7 The Court in *Bivins* also said, "[t]he time of the *completed* submission [in response to a request for more information] clearly must be viewed as triggering *anew*

---

motion for summary judgment, both of which were denied at the time they were heard and upon their reurging by School District at the beginning of trial. School District again raised these motions at the conclusion of trial when its counsel (1) advised the court "subject to the

Court's prior discussions regarding [School District's] motions, the defendant rests" and (2) "[moved] for directed verdict on liability and damages ... for the reasons that I've stated earlier." The trial court overruled School District's motion for directed verdict.

the 90–day [decision period]." *Id.* at ¶ 12, 917 P.2d at 462. "Once a complete submission has been timely effected, *both the government and the claimant* may reasonably expect to benefit from a *full* 90–day period prescribed by law for investigation and processing to take place undisturbed by [litigation]." *Id.*

¶ 8 The Court found that a "[l]egitimate state interest is furthered by a thorough pre-suit scrutiny of the claim's notice in order to protect the public from unwarranted demands as well as *to advance for settlement those claims which have merit and clearly warrant negotiation in advance of litigation."* *Id.* at ¶ 13, 917 P.2d at 463 (emphasis added) (footnote omitted). *"It is this public-interest element which [dictates] that an agency's post-notice request for additional information must be ... impressed with serious legal effect."* *Id.* (footnote omitted).

¶ 9 If the letter of the School District's insurance adjuster was sent in good faith, it could have no other purpose than the production of "more complete information" to evaluate the merit of the claim and its suitability for disposition by negotiated settlement. Communications like the letter in question must be accorded the "serious legal effect" of a post-notice request for additional information, lest they become a common-place tactic to mislead claimants concerning an agency's position on a claim.

¶ 10 School District alternatively contends that even if the adjuster's letter did constitute a request for more information that tolled the 90–day decisional period, the *Bivins* case recognizes a coordinate duty on a claimant to respond within a reasonable time. School District argues that the written response by Mr. Davis' attorney on October 5, 2001, some ten months after the adjuster's letter, was not a response within a reasonable time.

¶ 11 The case of *Wallace v. Board of County Commissioners of Tulsa County,* 2000 OK CIV APP 131, 15 P.3d 985, involved a request made by the county's insurer for claimant to provide a recorded statement and an unexplained seven-month delay by the claimant in providing the statement. The county argued that "the [claimant's] unexplained delay in providing the requested recorded statement for over seven months after the initial request is patently unreasonable." *Id.* at ¶ 17, 15 P.3d at 989. Citing the absence of evidence in the record demonstrating some resulting prejudice, Division III of the Court of Civil Appeals stated it was "unwilling to hold, as a matter of law, that the delay was so unreasonable as to bar the ... commencement of suit." *Id.* The Court ruled that the date of the claimant's compliance with the request began "a new 90–day period for action on the claim [and claimant's] suit, filed within 180 days after expiration of the new 90–day period, was timely commenced." *Id.* at ¶ 18, 15 P.3d at 989.

¶ 12 In the case at hand, School District has not articulated any prejudice that attended the ten-month delay in providing "settlement information" in response to the letter of School District's insurance adjuster. Moreover, the summary judgment record contains an affidavit that recounts the steps taken by Mr. Davis' attorney in the ten-month period to acquire information for the response. Like the court in *Wallace,* we cannot conclude that the ten-month delay in responding to School District's request is so unreasonable as a matter of law[2] to bar commencement of Mr. Davis' suit. Also like the court in *Wallace,* we hold Mr. Davis' compliance with the request of School District's insurance adjuster on October 5, 2001, started a new 90–day period for a decision on his claim and Mr. Davis' suit, filed within 180 days of

---

2. In *Bivins,* the Oklahoma Supreme Court observed that "a public agency is not without means to protect itself from an open-ended effect which may flow from an initial notice ... that is to be supplemented at the agency's request." *Bivins,* 1996 OK 5, ¶ 17, 917 P.2d at 464. The Supreme Court stated the agency "may (a) direct that supplemental information must be received on or *before* a stated date and (b) make it clear that if neither submission nor satisfactory explanation [for non-submission] is timely made, the deficient claim's notice will stand denied at the end of the initially triggered 90–day period or *at some other date that follows* the deadline for submission of supplemental data." *Id.* School District did nothing to avoid the open-ended response time that its letter of December 29, 2000, allowed.

the expiration of the new 90-day period, was timely commenced under § 157(B).

¶ 13 AFFIRMED.

RAPP, V.C.J., and GABBARD, P.J., concur.