**2013 OK CIV APP 86**

Ronald Ray WILLIAMS, Plaintiff/Appellant,

v.

BIXBY INDEPENDENT SCHOOL DISTRICT, Defendant/Appellee.

No. 109897.

Court of Civil Appeals of Oklahoma, Division No. 1.

April 27, 2012.

Certiorari Denied June 25, 2012.

Jeffrey A. King, Lawson, King & Shelton, PLLC, Tulsa, Oklahoma, for Plaintiff/Appellant.

John Priddy, Rosenstein, Fist & Ringold, Tulsa, Oklahoma, for Defendant/Appellee.

KENNETH L. BUETTNER, Presiding Judge.

¶ 1 Plaintiff/Appellant Ronald Ray Williams (Williams) appeals from the trial court's order granting Defendant/Appellee Bixby Independent School District (School) summary judgment. After *de novo* review, we hold that Williams's negligence claim is barred by the statute of limitations, pursuant to 51 O.S.2001 § 157(A)-(B), and School is entitled to judgment as a matter of law. We affirm.

¶ 2 On September 27, 2008, a school bus driven by School's employee struck a vehicle, which then struck the rear of Williams's vehicle. Williams sustained property damage and was injured in the accident. Williams submitted written notice of his property damage and personal injury claims to School October 15, 2008. The next day, Williams's attorney (Attorney) sent School's claims adjuster (Adjuster) a letter instructing him to direct all correspondence regarding the personal injury claim to Attorney and all correspondence regarding the property damage claim to Williams.[1]

¶ 3 School paid Williams's property damage claim December 23, 2008. No action was taken on Williams's personal injury claim.

¶ 4 Attorney's affidavit reflects that he informed Adjuster December 16, 2008 that Williams was "still treating" and awaiting MRI results, and that Attorney had instructed Williams to forward the MRI results to Adjuster. Attorney withdrew his representation of Williams January 30, 2009 and advised Adjuster of his withdrawal by letter dated that same day.[2]

¶ 5 Adjuster called Williams April 16, 2009 and left a message requesting that Williams return his call. However, Adjuster never received a call or written response from Williams. Adjuster's time records show that as of August 2009, Adjuster still had not heard from Williams. As a result, on October 5, 2009, Adjuster recommended that School close Williams's file and take no further action on his personal injury claim.

¶ 6 On November 11, 2009, Williams's second attorney informed Adjuster of his representation of Williams. Williams filed this lawsuit November 12, 2009. School filed a motion for summary judgment on the sole ground that Williams failed to commence the action within 180 days of School's denial of his claim as required by § 157(B) of the Governmental Tort Claims Act (GTCA). School argued that Williams's claim was deemed denied January 13, 2009 and the statute of limitation expired 180 days later on July 13, 2009. The trial court granted School's motion for summary judgment.

---

1. Williams's first attorney withdrew his representation of Williams on January 30, 2009. His second attorney filed a Motion to Withdraw as attorney of record on April 2, 2012. Williams's current attorney filed an Entry of Appearance on April 2, 2012.

2. Because School neither approved nor denied Williams's initial notice of his personal injury claim, the claim was "deemed denied" 90 days after School's receipt of notice, on January 13, 2009. 51 O.S.2001 § 157(A). Seventeen days after January 13, 2009, Williams's Attorney withdrew his representation. Upon withdrawal, Attorney should have informed Williams that should he choose to bring suit, he would need to file within 180 days of January 13, 2009 (no later than July 13, 2009). Oklahoma Rules of Professional Conduct, Rule 1.16(d) provides: "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests ..."

¶ 7 Williams raises two issues on appeal. First, whether the trial court erred in determining the dispositive date on which the 180–day statute of limitations for filing suit began to run. Second, whether summary judgment was improper because School was estopped to assert a limitations defense due to Adjuster's failure to advise Williams of statutory deadlines pursuant to § 1250.7(E) of the Unfair Claims Settlement Act. 36 O.S.2001 § 1250.7(E).

¶ 8 We review the trial court's grant of summary judgment *de novo. Carmichael v. Beller*, 1996 OK 48, ¶ 2, 914 P.2d 1051, 1053. We, like the trial court, will examine the pleadings and evidentiary materials submitted by the parties to determine if there is a genuine issue of material fact. *Id.* Summary judgment proceedings are governed by Rule 13, Rules for District Courts, 12 O.S.2011, Ch.2, App. Summary judgment is appropriate where the record establishes no substantial controversy of material fact and the prevailing party is entitled to judgment as a matter of law. *Brown v. Alliance Real Estate Group*, 1999 OK 7, ¶ 7, 976 P.2d 1043, 1045. The trial court's grant of summary judgment is proper where the defendant moves for summary judgment on the basis of an affirmative defense, there is no substantial controversy as to the facts that are material to the affirmative defense, and the court has examined all facts and inferences in the light most favorable to the non-movant. *Daugherty v. Farmers Co'op. Ass'n.*, 1984 OK 72, ¶ 5, 689 P.2d 947, 949.

¶ 9 The GTCA narrowly structures the method for bringing a tort claim against a governmental agency. *See Jarvis v. City of Stillwater*, 1987 OK 5, ¶ 5, 732 P.2d 470, 473. First, claimants must submit proper notice of their claims to the governmental agency; then, they must strictly comply with the limitations periods for bringing suit. A person who has a claim against a governmental agency must first present notice of the claim "within one (1) year of the date the loss occurs." 51 O.S.Supp.2006 § 156(B). Absent such timely notice, the claim will be forever barred. *Id.* This initial notice procedure provides governmental entities the opportunity to investigate, consider, and re-solve claims prior to litigation. If a claimant is not satisfied with the entity's response, (s)he may bring suit. Before a claimant may initiate a lawsuit against a governmental entity, however, the claim must have been denied in whole or in part. "A claim is *deemed denied* if the state or political subdivision fails to approve the claim in its entirety within ninety (90) days" of receiving claimant's initial notice. 51 O.S.2001 § 157(A) (emphasis added). If the claim is neither approved nor denied by the governmental entity during those ninety (90) days, the 180–day time period for commencement of an action begins upon the expiration of that 90–day consideration period. *Id.*

¶ 10 First, Williams argues that the statute of limitations for the filing of his lawsuit had not expired before he initiated the current action on November 12, 2009. He argues that under *Bivins v. State ex rel. Okla. Memorial Hosp.*, 1996 OK 5, 917 P.2d 456, Adjuster's April 16, 2009 voicemail was a "post-notice request" for additional information regarding his claim, which tolled the 90–day period School had to approve or deny his personal injury claim. For a claim to be considered "anew" under *Bivins*, a governmental agency must make a "post-notice request" for additional information necessary to evaluate an originally deficient or inchoate claim, and the claimant must either respond to that request "within a reasonable stated time" or provide "the reasons for not complying with" the request. *Id.*, ¶ 10, 917 P.2d at 461. Where the *Bivins* rule applies, the 90–day statutory period begins "anew" only upon a claimant's timely submission of information.

¶ 11 School argues that (1) Adjuster's April 16, 2009 voicemail did not re-start the 90–day time period for School to consider the claim; (2) the 90–day period which started to run when School received Williams's initial notice October 15, 2008 expired, and Williams's personal injury claim was deemed denied January 13, 2009 because School did not approve nor deny the claim within the 90–day period; and (3) the dispositive date for commencing his action was 180 days after January 13, 2009, which was July 13, 2009, and Williams did not commence this action until November

12, 2009. While School urges that the 90–day period counted from October 15, 2008, Williams, relying on *Bivins*, insists that on April 16, 2009, the 90–day statutory period began "anew." According to Williams, his action was timely filed because if the 90–day period began April 16, 2009, the claim was deemed denied July 15, 2009, and the 180–day period for filing a claim did not run out until January 11, 2010.

¶ 12 Williams's reliance on *Bivins* for the proposition that the voicemail re-started the 90–day time provision is misplaced. The *Bivins* rule does not toll or re-start the statutory limitations periods in the case at hand because: (1) Williams's initial notice of claim was not deficient; (2) the record fails to show Adjuster requested any additional information regarding Williams's personal injury claim; and (3) the record fails to show Williams ever responded or explained why he was unable to respond to Adjuster's alleged "request."

¶ 13 The rule in *Bivins* only applies to re-start the 90–day statutory period where a claimant's initial notice is "deficient" or where the governmental agency expresses a need for more time or information to evaluate the claim.[3] *See Bivins*, 1996 OK 5, ¶¶ 11, 14, 917 P.2d at 463 ("the effect [ascribed to] an agency's post-notice request for more data is drawn from the government's perceived need for more time to evaluate the completed information about a claim"). Moreover, it is the governmental agency that may, pursuant to *Bivins*, determine when a claim is capable of evaluation. *Crockett v. Cent. Okla. Transp. & Parking Auth.*, 2010 OK CIV APP 30, ¶ 16, 231 P.3d 748, 755. With respect to any information necessary to evaluate

Williams's personal injury claim, Adjuster was entitled but not required to request additional information. *See Bivins*, 1996 OK 5, ¶ 13, 917 P.2d at 462.

¶ 14 Here, neither party disputes the sufficiency of Williams's initial notice of claim.[4] What is more, the record fails to indicate that Adjuster ever considered Williams's initial notice incomplete or incapable of evaluation.

¶ 15 Adjuster's voicemail on April 16, 2009 was not a "post-notice request" for additional information. In *Bivins*, the governmental agency sent a letter to the claimants requesting that they supplement their initial notice with a "Claimant's Report" form. The agency mailed the letter during the "then-pending" 90–day statutory period and its contents specifically directed claimants to provide the information requested in the form provided. *See id.*, ¶ 13, 917 P.2d at 462. The court found defendant's letter was a "post-notice request" for additional information which operated to toll the statutory limitations periods. Following *Bivins*, Oklahoma courts have routinely held that where a governmental agency makes a specific request for information soon after receiving claimants' initial notice, a "post-notice request" has been made which renders the tolling principles applicable.[5]

¶ 16 The *Bivins* case and its progeny are clearly distinguishable from the case before us. We reject Williams's contention that a generic voicemail message asking for a callback constitutes the type of specific, affirmative request on the part of a governmental agency that has such serious legal effect as to re-start the statutory limitations period,

---

3. "A government-declared deficiency in the first notice and the agency's expressed interest in being better informed about the claim *erase* the time that may have run and invite the transmission of a *completed* (or *consummated*) notice." *Bivins*, 1996 OK 5, ¶ 12, 917 P.2d at 463.

4. Williams's initial notice of October 15, 2008 contained sufficient information for Adjuster/School to ascertain the date, time, and place of the claim, the identity of the agency involved, the name, address, and telephone number of the claimant, and the name, address, and telephone number of any agent authorized to settle the claim. *See* 51 O.S. § 157(E).

5. *See, e.g., Sanchez v. City of Sand Springs*, 1990 OK 26, ¶ 2, 789 P.2d 240, 241 (request for specific information regarding amount of claim made in letter sent three days after receipt of initial notice); *Wallace v. Bd. of Cnty. Comm'nrs of Tulsa Cnty.*, 2000 OK CIV APP 131, ¶ 4, 15 P.3d 985, 986 (request made by the county's insurer for claimant to provide a recorded statement); *but compare Davis v. ISD*, 2006 OK CIV APP 72, ¶ 3, 136 P.3d 1059, 1061 (letter sent within 90–day statutory period did not ask for any specific information, but said it should be considered "a request for status on the ... case").

especially when that communication is not made within the 90–day statutory period.[6] Furthermore, it would contravene the purposes of the statute to hold that a one-sided, unacknowledged communication made long after a claim is deemed denied operates to re-start the entire GTCA evaluation procedure. In *Trent v. Bd. of Cnty. Comm'rs*, 1988 OK 15, ¶ 19, 755 P.2d 615, 619, the Court observed that the apparent purpose of the 90–day statutory period was to prevent needless delay in the filing of claims. Williams advocates an outcome in this case that would encourage needless delay in future government tort cases and would render the statutory limitations periods of the GTCA subject to human tinkering. We hold that a "post-notice request" was not made in this case, and tolling the statutory time limitations of the GTCA would have been inappropriate. Finding otherwise would contradict the purposes of the statute.

¶ 17 The Court clearly and emphatically stated in *Bivins* that the 90–day time provision is extended *only* where the claimant cooperates by supplying the information requested or gives a satisfactory reason for not complying with the government agency's request.[7] Where claimants have "utterly failed to respond" to a governmental agency's request, the Court has held *Bivins* inapplicable. *Bivins*, 1996 OK 5, ¶ 15, 917 P.2d at 463; *see also Trent*, 1988 OK 15, ¶ 11, 755 P.2d at 617. *Trent* involved an oral request for additional medical documents made by the county's assistant district attorney at a county commissioner's meeting. *Trent*, 1988 OK 15, ¶ 4, 755 P.2d at 616. Though the Court found that there was a "post-notice request" for additional information, the Court said the facts at issue in *Trent* were clearly distinguishable from those in *Bivins* because the *Trent* claimants *never responded to* the government's request. *See Bivins*, 1996 OK 5, ¶ 15, 917 P.2d at 463.

¶ 18 Williams neither submitted any additional information nor explained why he was unable to respond to Adjuster's voicemail. Here, even if the voicemail constituted a post-notice request, Williams failed to respond to or acknowledge that alleged request by failing to return Adjuster's call. We are not persuaded by Williams's argument that Adjuster's voicemail had such a serious legal effect as to re-start the 90–day period. We hold that Williams's action was time-barred on July 13, 2009, 180 days after his claim was deemed denied by operation of law under § 157(A). Therefore, we affirm the trial court's finding that Williams failed to comply with the statute of limitations.

¶ 19 Second, Williams contends School is estopped from asserting a limitations defense because Adjuster failed to comply with § 1250.7(E) of the Unfair Claims Settlement Act (the Act). The Act requires insurers to give an individual not represented by an attorney advance written notice of the expiration of a statutory time limit. 36 O.S. 2001 § 1250.7(E).

¶ 20 Williams cites no authority for the proposition that Adjuster owed him a duty under § 1250.7(E) to advise him of the statutory limitations in a GTCA case. Oklahoma courts have never applied this statute in a GTCA case, and we decline to do so now. *See Trinity Baptist Church v. GuideOne Elite Ins. Co.,* 654 F.Supp.2d 1316, 1322 (W.D.Okla.2009) (finding no indication that the Act was intended to apply to tort claims that exist outside the insurance policy or contract). We are not persuaded by Williams's argument that School should be precluded from asserting a limitations defense under § 1250.7(E).

¶ 21 We hold that because Williams failed to file suit within the mandatory time limits

---

**6.** Williams argues that the voicemail left *four months after* the 90–day period expired and the claim had been deemed denied re-started the 90–day period. *See Bivins*, 1996 OK 5, ¶ 13, 917 P.2d at 462 (stating that public interest in protecting state from unwarranted claims and timely settling those that are clearly meritorious con-

vinced Court that post-notice requests should have "serious legal effect").

**7.** The *Bivins* claimants *timely completed and submitted* the requested form within one month of the hospital's request. *Bivins,* 1996 OK 5, ¶ 4, 917 P.2d at 459.

of the GTCA, his suit is barred, and School is entitled to judgment as a matter of law.

¶ 22 AFFIRMED.

JOPLIN, V.C.J., and MITCHELL, J. (sitting by designation), concur.