ALBURTUS v. INDEPENDENT SCHOOL DISTRICT No. 1 OF TULSA COUNTY



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:ALBURTUS v. INDEPENDENT SCHOOL DISTRICT No. 1 OF TULSA COUNTY

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 ALBURTUS v. INDEPENDENT SCHOOL DISTRICT No. 1 OF TULSA COUNTY
2020 OK CIV APP 39
Case Number: 118670
Decided: 05/29/2020
Mandate Issued: 06/24/2020
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2020 OK CIV APP 39, __ P.3d __

 

BRADLEY ALBURTUS and BOBBIE ALBURTUS, Plaintiffs/Appellants,
v.
INDEPENDENT SCHOOL DISTRICT No. 1 OF TULSA COUNTY, OKLAHOMA, Defendant/Appellee.

APPEAL FROM THE DISTRICT COURT OF
TULSA COUNTY, OKLAHOMA

HONORABLE WILLIAM D. LAFORTUNE, JUDGE

REVERSED AND REMANDED

Chris Knight, Tulsa, Oklahoma, for Plaintiffs/Appellants,

Matthew P. Cyran, ROSENSTEIN, FIST & RINGOLD, Tulsa, Oklahoma, for Defendant/Appellee.

Kenneth L. Buettner, Judge:

¶1 Plaintiffs/Appellants Bradley and Bobbie Alburtus (Appellants) appeal from an order dismissing with prejudice their claims against Defendant/Appellee Independent School District No. 1 of Tulsa County (School). School asserted it was immune from suit because Appellants failed to give the notice required under the Governmental Tort Claims Act (GTCA). The record shows School told Appellants to deal with School's insurer, School approved and paid part of Appellants' claim, and School's insurance agent indicated to Appellants' counsel their written notice was sufficient to trigger the GTCA timelines; only after Appellants filed suit did School change its position and assert the notice was insufficient. On de novo review, we hold Appellants' notice of claim was sufficient under the facts presented here. We reverse and remand for further proceedings.

¶2 In their 2019 Petition, Appellants asserted Bradley Alburtus was injured in 2016 when, as a result of negligence, one of School's buses rear-ended his truck, causing physical and economic damages.[1] Appellants asserted they had complied with the requirements of the GTCA before filing suit.

¶3 School responded with its motion to dismiss, asserting Appellants had never given School the written notice of tort claim required by the GTCA. School asserted Appellants had communicated with School's insurer, but they had not given any notice to School, and their time to do so had expired so their claims were barred as a matter of law.

¶4 Appellants countered that they had substantially complied with the GTCA's notice requirement by giving written notice to the insurance representative School told them to contact. Appellants further asserted that School was estopped from challenging the notice because in response to their counsel's question, School's insurance representative had stated that the GTCA's 90 day period for School to pay or deny the claim had begun and Appellants' Petition was timely based on that statement. Appellants finally asserted the fact that School had paid his property damage claim showed School had notice of his claim.

¶5 Appellants attached Bradley Alburtus's affidavit, in which he averred the collision occurred November 7, 2016; he called Tulsa Public Schools and spoke to a woman who told him School does not do anything with regard to traffic collision claims and to submit everything to a company called ASC; Alburtus called ASC and spoke to Bob J. Collier; at Collier's request, Alburtus emailed Collier November 8, 2016, and gave him information about his truck and insurance as well as contact information; during November 2016, Alburtus and Collier exchanged calls and emails, including Collier giving Alburtus a claim number and Alburtus stating "please let this email serve as notice that I will be filing a bodily injury claim with your company, . . . ."; Alburtus emailed Collier November 25, 2015 advising him of his medical expenses to date and demanding payment by December 15, 2016; Collier emailed Alburtus December 1, 2016 and stated "as far as (bodily injury), we can't do anything with it until you('re) done treating, then we will have to audit the billing, . . . since you're dealing with a school and (taxpayers') money, it's a bit different (than) if you were dealing with a private insurance company"; Collier and Alburtus settled his property damage claim and Alburtus signed the release December 9, 2016, on which he wrote that it was not intended to release his bodily injury claim; Collier never told him he needed to submit notice to anyone else and after he did not receive an offer to settle his bodily injury claim, he hired his counsel. Appellants attached the email correspondence between Collier and Bradley Alburtus, as well as the release naming School and Brad Alburtus as the parties to the agreement.

¶6 Appellants also attached the affidavit of their counsel, Chris Knight, who averred that Appellants hired him after settling the property damage claim; Knight believed Alburtus's November 25, 2016 email outlining all of his damages may have been sufficient to be the required written notice to trigger the 90 day claim review period; Knight called Collier and asked if the 90 days had begun or if he still had one year from the date of the collision to submit written notice of the claim, and Collier responded that he considered the cumulative effect of all of the emails between Bradley Alburtus and Collier to constitute the required written notice and that the 90 days was running; Knight told Collier he would therefore set a calendar reminder to file suit 180 days after the 90 day period expired; based on Collier's statement, Knight decided the safest day to consider the 90 days beginning was November 8, 2016, and after that 90 day period he filed suit within 180 days. Appellants also attached a December 20, 2016 letter from Knight to Collier which stated he was representing Alburtus and included the date of the accident, the name of the insured (Tulsa Public Schools), and the claim number. Appellants also requested additional time in which to obtain discovery to support their response to the motion to dismiss, which the trial court denied.

¶7 School replied that none of those facts were relevant because Appellants never submitted written notice to School's clerk, as required by the GTCA. School did not attach any evidentiary materials countering Appellants' assertions.

¶8 Following a hearing, the trial court granted the motion to dismiss with prejudice, finding that Appellants never gave written notice of their claim to School as required by the GTCA and therefore the court lacked jurisdiction. In the hearing transcript, the trial court acknowledged cases finding substantial compliance with the notice requirements had not been overruled. The court indicated counsel for Appellants had done nothing wrong and Appellants had "an excellent set of facts" for appeal.

¶9 Although Appellants attached evidentiary materials to their response to the motion to dismiss, because School sought dismissal based on lack of jurisdiction, the motion was not converted to one for summary judgment. Ford v. Tulsa Public Schools, 2017 OK CIV APP 55, ¶8, 405 P.3d 142.[2] An order dismissing a Petition is subject to de novo review. Id., citing Wilson v. State ex rel. State Election Bd., 2012 OK 2, ¶4, 270 P.3d 155. We "must take as true all of the challenged pleading's allegations together with all reasonable inferences that can be drawn from them. . . . Motions to dismiss are generally disfavored and granted only when there are no facts consistent with the allegations under any cognizable legal theory or there are insufficient facts under a cognizable legal theory." Wilson, at ¶4.

¶10 "The [GTCA] provides the exclusive remedy for an injured plaintiff to recover against a governmental entity in tort. . . . The GTCA narrowly structures the method and time frame for bringing a tort claim against the State. . . .The claimant is generally required to give notice and file a formal action within the prescribed statutory time period." Watkins v. Central State Griffin Memorial Hospital, 2016 OK 71, ¶21, 377 P.3d 124.

¶11 Section 156 of the GTCA outlines the notice requirement. "A claim against the state or a political subdivision shall be forever barred unless notice thereof is presented within one (1) year after the loss occurs." 51 O.S.Supp.2012 §156(B). "A claim against a political subdivision shall be in writing and filed with the office of the clerk of the governing body." 51 O.S.Supp.2012 §156(D). The record here shows no dispute that what Appellants believed was notice was submitted in writing and within one year of the loss and Appellants filed suit within the statutory time allowed following the purported notice. The only question is whether the submission of written notice to Collier was effective notice to School.

¶12 At least two Oklahoma Supreme Court decisions have found notice given to an insurance agent may satisfy Section 156 in certain circumstances.

The view that notice to the insurance agent constitutes substantial compliance is in accord with our recent decision of Conway . . . . We reiterate that the notice to the insurance carrier is not an authorized procedure under the Act, but with respect to the purposes sought to be accomplished under the notice provisions, the appellee was not prejudiced by the manner of imparting notice.

Lucas v. Independent Public School Dist. No. 35 of Holdenville, 1983 OK 121, ¶6, 674 P.2d 1131, citing Conway v. Ohio Cas. Inc. Co., 1983 OK 83, 669 P.2d 766 (both superceded on other grounds in Minie v. Hudson, 1997 OK 26, 934 P.2d 1082; emphasis added). And in at least one case, a city has asserted a letter to an insurance agent was notice of a claim which triggered the 90 day claim review period as support for its assertion the limitations period had expired. See Duncan v. City of Stroud, 2015 OK CIV APP 28, 346 P.3d 446. There the Court of Civil Appeals found the letter did not trigger the 90 day period in part because it did not include a demand and therefore was not an adequate notice of claim under the GTCA.

¶13 The Oklahoma Supreme Court's most recent decision on what constitutes notice of a claim for purposes of the GTCA is I.T.K. v. Mounds Public Schools, 2019 OK 59, 451 P.3d 125. One of the questions presented in I.T.K. was whether a written notice of claim given to a school superintendent satisfied §156.[3] The court found that it did. The court noted the history of cases on substantial compliance with the notice requirements and did not expressly overrule those cases. The plaintiff in I.T.K. urged that following Minie, supra, the written notice of claim could be given to anyone, so long as the school district obtained knowledge of the claim. The court rejected that argument, as well as the school's argument that the notice could only be given to the clerk of the governing body to be valid. I.T.K., at ¶19. In I.T.K., the Oklahoma Supreme Court ruled against a literal reading of Section 156(D), holding

. . . the plain language in 51 O.S. § 156(D) makes filing the GTCA notice with "the office of the clerk" of the governing body a mandatory duty. . . . [but] the manner of filing with the clerks office is not statutorily specified as mandatory, [so] when a school district is the governing body one issue which arises is the identity of potential clerks who may receive the notice for filing, and whether a superintendent is a proper recipient for notice when the superintendent's managerial duties require both representing the board and transmitting to a clerk for filing any financial claims against the school district which the superintendent has received.

I.T.K. at ¶23 (emphasis in original in part and added in part). The court noted "a school district is 'a body corporate' and possesses the usual powers of a corporation for public purposes; it may sue and be sued, and is capable of contracting as well as holding real and personal property." Id. at ¶25. The court explained the various types of clerks school districts may employ and the duties of superintendents and recognized:

Sound operation and functional management by a superintendent includes receiving a GTCA notice on behalf of the board in the course of the superintendent's daily business, and transmitting the notice to the proper clerk for the board. An employee or agent must act in good faith and in the interest of the employer/principal. A superintendent is an employee of the school board and also acting on behalf of the board when dealing with the public and managing business affairs of the school district. A superintendent acting in an official capacity may perform an act which binds the board upon its deemed or actual ratification by the board. Generally, a public official exercises power in a manner where neither public nor private rights will be injured or impaired, and employees acting on behalf of a public official have a similar duty. We have explained a public official should not ignore, or injure, or impair a citizen's rights when the official is exercising power involving a statute intended for the protection of a citizen's rights, and a similar duty arises for an official's employee acting on behalf of the official.

. . . A board of education is aware of monetary claims against the school district because the board has a legal obligation to pay its proper bills and a legal obligation to not pay improper bills. No one disputes a school superintendent, as executive officer of the board, may have (1) a full or partial managerial and supervisory role, or (2) a mere business relationship role, relating to processing monetary claims by the encumbrance clerk for board.

Id. at ¶¶30-31 (emphasis added). The court concluded a notice submitted to a school superintendent satisfied Section 156.

¶14 While an insurance agent is not the same as a superintendent, the facts presented here show that Collier may have had authority to bind School as its agent, particularly where School directed Appellants to take their claim to him. A school's insurance agent has been held to be an authorized agent whose requests for additional information from a claimant may toll the GTCA limitations period. Davis v. Indep. School Dist. No. 89 of Okla. County, 2006 OK CIV APP 72, ¶5, 136 P.3d 1059. I.T.K. recognized the statute does not express a particular manner of submitting notice to the clerk of the school. Based on Collier's actions in this case, submission of the claim to Collier may be treated as written notice to School. Clearly School had notice of the claim when it paid for his property damage because, as noted above, "(a) board of education is aware of monetary claims against the school district because the board has a legal obligation to pay its proper bills and a legal obligation to not pay improper bills." I. T. K., supra, at ¶31. Additionally, "the purpose of the notice requirement must be kept in mind in order to prevent a construction which would defeat the ends of justice. The purposes of the notice requirement are to further legitimate interests by promoting prompt investigation; by providing the opportunity to repair any dangerous condition and for speedy and amicable settlement of meritorious claims; and to allow the opportunity to prepare to meet possible fiscal liabilities." Conway, supra, citing Reirdon v. Wilburton Board of Education, 1980 OK 67, 611 P.2d 239 (both superceded by statute on other grounds in Minie, supra). Plainly those purposes were satisfied here, where Appellants filed suit within 270 days from the date of the injury.

¶15 In I.T.K., the court noted its previous holdings that conduct by an insurer or school official may estop a political subdivision from benefitting from the limitations period. I.T.K. reiterated that a claimant must plead and prove estoppel, which Appellants asserted in their response to the motion to dismiss. "(W)e cannot permit the senior claims manager's promise 'to be in touch in the near future' to 'lull' (plaintiff), whether intentionally or unintentionally, 'into a false sense of security concerning the applicable denial date under [section] 157 and then rely on the induced delay as a defense to an action.'" Duncan, supra at ¶16, citing Carswell v. Oklahoma State Univ., 1999 OK 102, ¶ 13, 995 P.2d 1118, 1122.

¶16 In Carswell, OSU sent a letter to the claimant after the 90 days had expired, in which it said her claim was denied effective the date of the letter. After the claimant filed suit within 180 days of that date, the university asserted it was untimely. The court noted its earlier holdings "that a political subdivision may not lull an injured party into a false sense of security concerning the applicable denial date under (§157) and then rely on the induced delay as a defense to an action." Id. at ¶13, citing Vaughan v. City of Broken Arrow, 1999 OK 47, ¶ 9, 981 P.2d 316; Cortright v. City of Oklahoma City, 1997 OK 158, ¶ 9, 951 P.2d 93; Whitley v. Oologah Indep. School Dist., No. I--4, 1987 OK 67, ¶ 6, 741 P.2d 455. In this case, School's statement to Appellants that it does not handle motor vehicle collision claims, coupled with Collier's statements to Appellants and their counsel that their 90 days had begun and that their bodily injury claim was being investigated, lulled Appellants into not directing a written notice of claim directly to School.

¶17 Section 157 provides that a party may file suit against a political subdivision if his claim has been denied in whole or in part.[4] As noted above, Collier acted as School's agent in executing a release and paying funds on behalf of School. This fact established that Appellants' claim was denied in part, thus triggering their right to file suit under the GTCA.

¶18 Several facts we must take as true, for purposes of reviewing an order dismissing a petition, warrant reversal under the unique facts presented here: Appellants first contacted School and were told School does nothing with auto collision claims and were directed to contact ACS, which they did; Collier, as agent for School, settled Appellants' property damage claim and affirmatively stated their bodily injury claim remained open and required extra scrutiny because it involved taxpayer dollars; and Collier affirmatively told Appellants' counsel the 90 day period under the GTCA was running, which necessarily declared Appellants had submitted an effective notice of their claim. We hold that because the School, through its agent, approved the claim in part and denied the claim in part, it was too late to object to the adequacy of the notice and School was subject to suit under the terms of the GTCA. Our holding is narrowly limited to the facts presented, where School directed Appellants to its agent, who partially approved and partially denied their claim and who expressly told Appellants the 90 day review period was running and thereby lulled Appellants into not submitting any additional written notice directly to School.[5] We do not hold that written notice to an insurance agent is always effective notice under the GTCA.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

BELL, P.J., and GOREE, J., concur.

FOOTNOTES

[1] Appellants averred their 2017 action against School failed otherwise than on the merits April 2, 2018, and they filed this action within one year of that date as required by 12 O.S.2011 §100.

[2] Ford also involved a collision with a Tulsa Public Schools vehicle. In Ford, the school attached an affidavit disputing the claimant's allegations regarding notice and another division of this court found there was a dispute of fact on the question of effective notice. As noted above, in this case School did not attach any evidentiary materials to its motion to dismiss.

[3] In I.T.K., the plaintiff sent a written notice of claim to the superintendent and to the school's insurer. The superintendent did not forward the letter to the school board. The insurance adjuster responded by letter stating his investigation did not waive any exemptions from liability or time limitations under the GTCA. The plaintiff waited a full year after that letter to contact the insurer again and then filed suit six months after that letter. The plaintiff contended he had sent a letter to the insurer nine months after the notice and contended his unanswered letter tolled the limitations period. The trial court found the letter to the insurance adjuster and superintendent was valid notice under the GTCA, but it found the plaintiff's suit was out of time. The Court of Civil Appeals affirmed the dismissal but found the letter was not valid notice of claim. The Oklahoma Supreme Court affirmed the trial court's finding that the suit was untimely, but it vacated this court's finding that the letter to the insurance adjuster and superintendent did not satisfy §156.

[4] Section 157(A) provides " . . . A claim is deemed denied if the state or political subdivision fails to approve the claim in its entirety within ninety (90) days, unless the state or political subdivision has denied the claim or reached a settlement with the claimant before the expiration of that period. . . ."

[5] While a school's insurer is under no duty to inform a claimant of the statutory limitations period, a school's agent who affirmatively states a limitations period is running may bind school. Williams v. Bixby Indep. School Dist., 2012 OK CIV APP 86, ¶20, 310 P.3d 1100 and Carswell, supra.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2006 OK CIV APP 72, 136 P.3d 1059, DAVIS v. INDEPENDENT SCHOOL DISTRICT NUMBER 89
Discussed
 2012 OK CIV APP 86, 286 P.3d 659, IN THE MATTER OF T.J.
Cited
 2013 OK CIV APP 86, 310 P.3d 1100, WILLIAMS v. BIXBY INDEPENDENT SCHOOL DISTRICT
Cited
 2015 OK CIV APP 28, 346 P.3d 446, DUNCAN v. CITY OF STROUD
Discussed
 2017 OK CIV APP 55, 405 P.3d 142, FORD v. TULSA PUBLIC SCHOOLS
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1987 OK 67, 741 P.2d 455, 58 OBJ 2216, Whitley v. Oologah Independent School Dist. No. I-4 of Rogers County
Discussed
 1997 OK 26, 934 P.2d 1082, 68 OBJ 909, Minie v. Hudson
Discussed
 2012 OK 2, 270 P.3d 155, WILSON v. STATE ex rel. STATE ELECTION BOARD
Discussed
 1980 OK 67, 611 P.2d 239, Reirdon v. Wilburton Bd. of Ed.
Discussed
 2016 OK 71, 377 P.3d 124, WATKINS v. CENTRAL STATE GRIFFIN MEMORIAL HOSPITAL
Discussed
 2019 OK 59, 451 P.3d 125, I. T. K. v. MOUNDS PUBLIC SCHOOLS
Discussed
 1999 OK 102, 995 P.2d 1118, 71 OBJ 17, Carswell v. Oklahoma State University
Discussed
 1997 OK 158, 951 P.2d 93, 69 OBJ 47, CORTRIGHT v. CITY OF OKLAHOMA CITY
Discussed
 1999 OK 47, 981 P.2d 316, 70 OBJ 1799, Vaughan v. City of Broken Arrow
Discussed
 1983 OK 83, 669 P.2d 766, Conway v. Ohio Cas. Ins. Co.
Discussed
 1983 OK 121, 674 P.2d 1131, Lucas v. Independent Public School Dist. No. 35 of Holdenville
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 100, Limitation of New Action after Reversal or Failure Otherwise than on Merits
Cited
Title 51. Officers
 Cite
Name
Level

 51 O.S. 156, Claims - Petition - Limitation of Actions - Notice - Wrongful Death
Discussed at Length


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA