DORITY v. YODER
2023 OK CIV APP 20
530 P.3d 868
Case Number: 120367
Decided: 07/29/2022
Mandate Issued: 05/18/2023
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2023 OK CIV APP 20, 530 P.3d 868

 

KIAH R. DORITY, Plaintiff/Appellant,
v.
RYAN C. YODER, individually; and BIG FIVE COMMUNITY SERVICES INC., a domestic not for profit corporation, Defendants/Appellees.

APPEAL FROM THE DISTRICT COURT OF
POTTAWATOMIE COUNTY, OKLAHOMA

HONORABLE JOHN G. CANAVAN, TRIAL JUDGE

AFFRIMED IN PART, REVERSED IN PART, AND REMANDED

Nathan D. Rex, Greg S. Keogh, PARRISH DEVAUGHN, PLLC, Oklahoma City, Oklahoma, for Plaintiff/Appellant,

Drew A. Lagow, ROBERSON, KOLKER, COOPER, P.C., Edmond, Oklahoma, for Defendants/Appellees.

BARBARA G. SWINTON, JUDGE:

¶1 Plaintiff/Appellant Kiah R. Dority appeals from an order dismissing with prejudice her negligence petition against Defendants/Appellees Ryan C. Yoder and Big Five Community Services, Inc. (Big Five). Dority alleged she was injured in a motor vehicle accident involving Yoder while he was in the scope of his employment with Big Five. In its motion to dismiss, Big Five asserted it is a political subdivision, Dority failed to give timely notice of her tort claim as required by the Governmental Tort Claims Act (GTCA or the Act), and therefore this action is barred. Dority argued waiver and estoppel excused her failure to give Big Five proper notice of her claim because she had no notice that Big Five was a political subdivision and because Big Five's insurance agent told her she had two years to file suit. It is undisputed Yoder was acting in the course of employment for Big Five and the trial court therefore correctly dismissed Dority's claims against him. See 51 O.S.2021 §153de novo review of the record shows Big Five has not presented evidence that it was a designated community action agency at the time of the alleged injury and Dority's affidavit indicated Big Five's agent lulled Dority into failing to give timely notice of her tort claim. Accordingly, questions of fact remain as to whether Big Five is estopped from challenging liability on that basis. We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

FACTS AND PROCEDURAL HISTORY

¶2 In her November 12, 2021 Petition, Dority asserted she was injured December 11, 2019 due to Yoder's reckless and negligent operation of a motor vehicle. Dority alleged Big Five was liable because the collision occurred while Yoder was driving in the course and scope of his employment with Big Five.

¶3 Big Five responded with a motion to dismiss, asserting that it is a political subdivision under the GTCA, as evidenced by an attached letter from the Oklahoma Department of Commerce, and that Dority did not provide timely written notice of her claim to Big Five in accordance with the Act. Big Five argued Dority's suit was therefore barred as a matter of law.

¶4 Dority countered that Big Five was estopped from challenging her notice of claim. Dority denied Big Five was a political subdivision under the GTCA but urged that if it was, that fact was not readily apparent. Dority alleged that Yoder informed her that he worked for a "transport company" insured by Nationwide Insurance Company (Nationwide). Dority asserted Yoder did not tell her the name of his employer and Big Five is not named on the police report. Dority asserted she called Nationwide and claims representative Jon Wagner informed her she had two years from the date of the accident to bring a claim against both Yoder and Big Five. Dority averred that based on these representations, she did not acquire counsel until eighteen months after the accident. Dority attached her affidavit as well as four letters from Wagner to Dority's counsel, written between July and September 2021, in which Wagner asked for additional documents Nationwide needed to evaluate Dority's claim. Big Five filed a reply, to which it attached a September 11, 2020 letter from Nationwide to Dority indicating receipt of her claim for a loss occurring December 11, 2019 and asking for additional information.

¶5 Following a hearing, the trial court granted the motion to dismiss with prejudice, finding that Big Five is a political subdivision as defined within the GTCA, Dority failed to give Big Five the required pre-suit notice, and therefore the court lacked jurisdiction. Dority appeals from this order.

STANDARD OF REVIEW

¶6 While both the motion to dismiss and response included evidentiary materials, because Big Five sought dismissal for lack of jurisdiction, the motion to dismiss was not converted into one for summary judgment. Ford v. Tulsa Public Schools, 2017 OK CIV APP 55405 P.3d 142de novo review. Id. In our de novo review of an order granting a motion to dismiss, we "must take as true all of the challenged pleading's allegations, together with all reasonable inferences that can be drawn from them . . . . Motions to dismiss are generally disfavored . . . ." Wilson v. State ex rel. State Election Bd., 2012 OK 2270 P.3d 155

ANALYSIS

¶7 In the GTCA the State adopted sovereign immunity from liability for torts but also waived that immunity for certain torts committed by the State of Oklahoma and its political subdivisions. 51 O.S.2021 §152.1Shanbour v. Hollingsworth, 1996 OK 67918 P.2d 73Cruse v. Bd. of County Comm'rs of Atoka County, 1995 OK 143910 P.2d 998

¶8 Under the GTCA, a "claimant is generally required to give notice and file a formal action within the prescribed statutory time period." Watkins v. Central State Griffin Memorial Hospital, 2016 OK 71377 P.3d 12451 O.S.2021 §156Id. The Act directs that notice of a claim against a political subdivision "shall be in writing and filed with the office of the clerk of the governing body." 51 O.S.2021 §156

¶9 In opposing the motion to dismiss, Dority first disputed that Big Five is a political subdivision as defined in the Act. She asserted Big Five's status was not apparent and Dority was unaware it was subject to the GTCA. The Act's lengthy definition of political subdivisions includes "any community action agency established pursuant to Sections 5035 through 5040 of Title 74 of the Oklahoma Statutes." 51 O.S.2021 §15274 O.S.2021 §5036

¶10 In Spane v. Central Oklahoma Community Action Agency, 2015 OK CIV APP 29346 P.3d 437Spane, a community action agency's former deputy director sued the agency for retaliatory discharge. The plaintiff did not submit a notice of tort claim and the agency sought summary judgment on that basis. The plaintiff urged that a notice of claim was not required because the agency had not been formally designated as a community action agency by ODOC and was therefore not a political subdivision under the GTCA. The trial court granted summary judgment to the agency. On appeal, the court noted there is no prescribed procedure for designating a community action agency under 74 O.S.2011 §5036Id. at ¶18. The court found no dispute of fact that the agency was a political subdivision entitled to a timely notice of tort claim.

¶11 The record in this case includes a letter from ODOC stating Big Five is a community action agency. However, the letter does not indicate when Big Five was designated or that it was so designated at the time of the alleged injury. Big Five also attached a copy of the Oklahoma Secretary of State's "Entity Summary Information" showing Big Five was incorporated in 1971, but that document indicates only that it is a domestic not for profit corporation. In Spane, in addition to the evidentiary materials showing the defendant agency had been designated by ODOC for decades, the plaintiff was necessarily familiar with the agency as its employee. In this case, Dority has averred in her affidavit that Yoder told her his employer was a transport company. Nothing in the record indicates Dority had or should have had notice Big Five was a designated community action agency subject to the GTCA.

¶12 Dority next asserted waiver or estoppel barred Big Five from challenging the notice it received by misleading her about the time in which she had to file suit and effectively misleading her about Big Five's designation as a political subdivision. The Oklahoma Supreme Court has held that a government body may be equitably estopped from denying liability under the Act. See McWilliams v. Bd. Of County Comm'rs, 2011 OK 103268 P.3d 79Id. at ¶20. The Court "recognize[d] that [while] a private defendant is under no obligation to voluntarily reveal other potential defendants in the preliminary stages of an action, a governmental subdivision may be obligated to do so under certain circumstances where...equity demands it." Id. at ¶22. McWilliams continued a line of authority that substantial compliance with the notice of claim requirements may be sufficient, noting:

In enacting the GTCA, it is clear that the Legislature intended not only to make the political subdivisions aware of an impending claim, but also provide the political subdivision with an opportunity to promptly investigate, assess any fiscal liability, and explore settlement options prior to a plaintiff commencing a lawsuit. . . . Rather than rely on a hyper-technical application of the Act, this Court will consider the purpose behind the GTCA and apply a more reasoned approach sounding in equity.

Id. at ¶24 (citation omitted).

¶13 The Oklahoma Supreme Court has more recently held estoppel may apply to bar a defendant from asserting failure to timely file a notice of tort claim in Watkins, supra. In that case, evidence showed that state employees provided false information to the plaintiff about her ward's treatment at a State hospital, which prevented the plaintiff from learning the ward had been assaulted by a nurse. 2016 OK 71Id. at ¶22. This statement suggests substantial compliance with the notice requirements may be sufficient in certain cases. The court concluded that allegations of misleading statements which preclude one from timely filing a complaint may be sufficient for estoppel to bar a challenge to the timeliness of the complaint. Id. at 23. The court found that the record contained sufficient evidence to raise the question of whether estoppel should apply, which is for the trier of fact to determine. Id. at ¶27.

¶14 In Alburtus v. Independent School District No. 1 of Tulsa County, 2020 OK CIV APP 39469 P.3d 742Alburtus, following a collision with a school bus, the plaintiff contacted the school, which told him to contact its insurance agent. Id. at ¶5. The insurance agent communicated with the plaintiff and asked for additional information. The agent did not inform the plaintiff he needed to submit notice to anyone else. After the plaintiff filed suit, the school filed a motion to dismiss, asserting the notice was not sufficient. Id. at ¶3. The court noted several cases holding that a political subdivision is estopped from challenging a notice of tort claim where its agent's statements or actions lulled a plaintiff into failing to properly file a notice of tort claim. Id. at ¶¶14-16.

¶15 As noted above, in reviewing an order dismissing a petition, we must take as true the facts alleged by Dority. In this case, the record shows disputes of fact as to whether Big Five is estopped from challenging Dority's notice of claim given to Big Five's insurer. The record indicates Yoder, while acting in the scope of employment, led Dority to believe his employer was a transport company. The record also shows Dority contacted Big Five's insurance company within one year. Dority has averred the agent told her she had two years in which to file suit. The record also shows the adjuster continued to ask for additional information from Dority, suggesting it was considering her claim. Additionally, Dority has averred she did not have notice that Big Five is a political subdivision as defined under the GTCA. Indeed, given the necessity of a letter, dated after Dority's petition, from the Oklahoma Department of Commerce to show Big Five is a designated community action agency, Big Five's status as a political subdivision is not readily apparent to a layperson. And it is unclear from the letter whether Big Five was a political subdivision at the time of the injury.

CONCLUSION

¶16 Based on our review of the record and the applicable authority, the trial court correctly dismissed Dority's claims against Yoder and we affirm that part of the order. Because we find disputed issues of fact on waiver and estoppel, we reverse the dismissal as to Big Five and remand for further proceedings consistent with this opinion.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

MITCHELL, V.C.J., and PRINCE, P.J., concur.

FOOTNOTES

51 O.S.2021 §153

Crawford v. OSU Medical Trust, 2022 OK 25510 P.3d 824Crawford, the Oklahoma Supreme Court found that the discovery rule applied to GTCA claims, but only as to the discovery of an injury, not discovery of the identity of the physician's employer. The court there expressly limited its analysis to the discovery rule, noting the plaintiffs had failed to assert estoppel until their reply brief and the issue was therefore waived. Id. at n.1. Accordingly, Crawford is not instructive here, where Dority asserted estoppel in response to Big Five's motion to dismiss.